**John D. RICHARDSON, Appellant,**

v.

**ZURICH INSURANCE CO., INC. and G.A.B. Business Services Co., Inc., d/b/a G.A.B. Robins North America, Inc., Appellees.**

No. 04–99–00438–CV.

Court of Appeals of Texas,
San Antonio.

May 31, 2000.

Sitting: PHIL HARDBERGER, Chief Justice, CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: CATHERINE STONE, Justice.

Appellant John D. Richardson appeals from an adverse summary judgment entered in his bill of review proceeding. By way of the bill of review, Richardson sought to set aside an earlier favorable judgment rendered in a suit against his insurer. Richardson claimed the judgment in the earlier suit failed to award him sufficient damages. Because limitations and absolute privilege bar the majority of Richardson's issues on appeal, and the remaining issues were established against Richardson as a matter of law, we affirm the judgment of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

This case involves a long history of litigation and provides a new view of educator Jonathan Kozol's advice that one should pick battles big enough to matter, but small enough to win. Appellant Richardson's on-going battle against his insurer certainly matters to him, but it is a battle that he cannot win. The combat began in 1986, when Richardson's boat, which he insured through United Services Automobile Association ("USAA"), capsized on a lake near Corpus Christi, Texas. Richardson, an attorney, filed suit against USAA after the parties failed to reach an agreement about the extent of coverage afforded under the policy. The issue in this suit addressed whether Richardson was entitled to recover under the insurance policy for loss of both the boat and its motor. The trial court granted a partial summary judgment entitling Richardson to recover from USAA in the amount of $5,500 for the loss of the boat exclusive of the motor, without the check being made jointly payable to the lienholder. The court held no coverage existed under the policy for the boat's motor.

Following a severance of certain unrelated issues, the partial summary judgment was finalized. Richardson appealed, urging that the trial court erred in finding as a matter of law that no coverage existed under the policy for the motor. USAA appealed the trial court's determination that it breached the insurance contract by seeking to require that its benefits check be made jointly payable to the lienholder of the boat.

In an unpublished opinion, this court held a fact issue existed about whether the motor was covered under the policy because of ambiguous terms.[1] Although this court reversed and remanded the trial court's partial summary judgment on this issue, the court held the trial court did not err in holding that Richardson would be permitted to recover for his boat without condition that a lienholder be a co-payee.

After remand, the case proceeded to a jury trial in 1995. The jury determined that the policy covered both the boat and the motor, with a total limit of liability of $5,500.

Richardson brought a second appeal arguing in twenty-seven issues that he was entitled to a greater benefit sum under the insurance policy. The majority of the issues in this appeal concerned rulings by the trial court and sufficiency of the evidence challenges. In another unpublished opinion, this court rejected all of Richardson's claims and affirmed the judgment of the trial court.[2] After an unsuccessful attempt to appeal to the supreme court via writ of error, Richardson filed a pro se bill of review in 1997.

In his bill of review, Richardson sought to vacate the final judgment in the 1995 jury trial alleging that USAA, its trial counsel, and its claims adjusters wrongfully introduced into evidence a 1986 proof of claim form, deceived the court into allowing USAA to plead alternative defenses,

---

1. *Richardson v. United Serv. Auto. Ass'n*, No. 04–92–00014–CV (Tex.App.-San Antonio 1992, no writ) (Chapa, J.).

2. *Richardson v. United Serv. Auto. Ass'n*, No. 04–96–00162–CV, 1997 WL 81259 (Tex.App.-San Antonio 1997, writ denied) (Hill, J.).

and made deceptive and improper jury arguments. USAA and its counsel, Melvin Krenek, moved for summary judgment based on limitations, absolute privilege, and impermissible collateral attack of a final judgment. The trial court granted summary judgment and severance in favor of USAA and Krenek.

Richardson appealed again to this court. In yet another unpublished opinion, this court affirmed the summary judgment and held that Richardson's bill of review was barred by limitations and that the conduct of USAA and Krenek was absolutely privileged within the context of judicial proceedings.[3]

We now consider the trial court's grant of summary judgment in favor of USAA's adjuster, Zurich and its wholly-owned subsidiary, G.A.B. Business Services d/b/a G.A.B. Robins North America, Inc., (hereinafter "GAB"). To support his claim on bill of review that GAB committed extrinsic fraud in the 1995 jury trial, Richardson brings five issues on appeal.

### STANDARD OF REVIEW

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Mgmt*, 690 S.W.2d 546, 548 (Tex.1985). We review the grant of a general summary judgment in the light most favorable to the non-movant, resolving any doubts in its favor. *Id.* The movant must prove each element of a cause of action for summary judgment to be proper. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

■ To prevail on a bill of review, a movant must allege: (1) a meritorious defense to the cause of action that supports the judgment; (2) which he was prevented from asserting by the fraud, accident, or

wrongful act by the opposing party; (3) unmixed with any fault or negligence of his own. *Ortega v. First RepublicBank*, 792 S.W.2d 452, 453 (Tex.1990). A summary judgment will be granted against the bill of review proponent if the movant can establish the absence of any of three elements of the bill of review. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311–12 (Tex. 1984). Absent a showing of extrinsic fraud, a bill of review must be filed within four years of the date of the signing of the judgment sought to be set aside. *Ortega*, 792 S.W.2d at 455.

### APPLICATION

■ In his first issue, Richardson complains GAB failed to provide evidence in the record to support the summary judgment. He specifically argues the absence of an affidavit from GAB precludes the grant of summary judgment. The rules governing summary judgment do not require an affidavit to accompany a summary judgment motion. Rather, Texas Rule of Civil Procedure 166a(c) states that in addition to affidavits, support for a summary judgment may take the form of depositions, interrogatories, and pleadings. TEX.R. CIV. P. 166a(c) . The record here shows the trial court considered a total of eighteen exhibits comprising oral depositions, petitions, former judgments, trial testimony, insurance policies, reports from GAB's adjusters, and copies of USAA and Krenek's summary judgment. The absence of an affidavit is simply not dispositive in light of the substantial summary judgment evidence before the court. Accordingly, we hold Richardson's first issue lacks merit and overrule his first issue.

■ Richardson's issues two through five all relate to whether GAB acted in concert with USAA to fraudulently procure the notary jurat on the proof of loss form which was introduced into evidence during the 1995 jury trial. In issue two,

---

3. *Richardson v. Krenek*, No. 04–99–00179–CV, 2000 WL 84431 (Tex.App.-San Antonio 2000, no writ h.)(López, J.).

Richardson argues tortious interference with contractual relations alleging GAB interfered with his contract with USAA by conspiring with USAA's attorney Krenek to procure the notary jurat. This claim is groundless, however, as the law is well settled that an agent cannot tortiously interfere with the contract of its principal. *See Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex.1995). In Richardson's original petition, he acknowledges that GAB acted as a claims adjuster for USAA as a duly authorized agent and representative. The trial court properly granted summary judgment on this ground and we overrule Richardson's second issue.

▮ Richardson claims intentional infliction of emotional distress in his third issue, fraudulent procurement of the judgment in his fourth issue, and conspiracy in his fifth issue. As GAB correctly asserts, absolute privilege and limitations preclude our review of these claims. The conduct about which Richardson complains, namely the introduction into evidence of the allegedly fraudulently-procured notary jurat, took place during a judicial proceeding. In this context, these claims are barred by the doctrine of absolute privilege. *See Hernandez v. Hayes*, 931 S.W.2d 648, 650 (Tex.App.-San Antonio 1996, writ denied). Additionally, Richardson's complaints surrounding the allegedly fraudulent jurat are barred by the statute of limitations. Specifically, the record contains an affidavit from Richardson wherein he acknowledged that he knew in 1986 that the notorized proof of loss form might be used by USAA at trial to limit his coverage. Accordingly, Richardson's bill of review, filed in 1997, which centers around this claim, is precluded by a two-year and four-year limitations period. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 16.003, 16.004 (Vernon 1986). We overrule Richardson's third, fourth, and fifth issues and affirm the judgment of the trial court.