11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Melvin
R. Hassell

Appellant

Vs.                   No. 11-05-00106-CV -- Appeal
from Eastland County

John C.
Wilhite

Appellee

 

Melvin R. Hassell and Morton Valley Oil & Gas,
Inc. brought a bill of review against John C. Wilhite challenging the February
20, 2002, judgment entered in favor of Wilhite and against Hassell and Morton
Valley.  The trial court granted Wilhite=s second motion for summary judgment
and entered a judgment that Hassell and Morton Valley take nothing.  Hassell perfected this appeal.  We affirm.

In his brief, Hassell challenges the trial court=s impartiality and its ability to
follow the law in the handling of this suit. 
Hassell argues that Wilhite and his counsel have acted improperly.  Hassell also argues that the 2002 judgment is
void.

A bill of review is a unique equitable remedy
attacking a final judgment;  and, as
such, Texas law provides that the remedy is available in limited
situations.  A bill of review is used as
an attempt to set aside a judgment that is not void on the face of the record
and is no longer subject to a direct appeal or a motion for new trial.  King Ranch, Inc. v. Chapman, 118
S.W.3d 742 (Tex.2003).  Therefore, the
grounds upon which a bill of review may be obtained are narrow.  King Ranch, Inc. v. Chapman, supra.

The Texas Supreme Court in  Alexander v. Hagedorn, 226 S.W.2d 996
(Tex.1950), announced the general rules for a bill of review and explained why
a bill of review is appropriate only in exceptional circumstances:








Because
it is fundamentally important in the administration of justice that some
finality be accorded to judgments, these essentials have been uniformly
recognized by our courts;  therefore,
bills of review seeking relief from judgments Aare
always watched by courts of equity with extreme jealousy, and the grounds on
which interference will be allowed are narrow and restricted@; 
and the rules are not to be relaxed merely because it may appear in some
particular case that an injustice has been done.   Harding v. W.L. Pearson & Co. et al.,
Tex.Com.App., 48 S.W.2d 964.  

Alexander v. Hagedorn, supra at 998; see also
King Ranch, Inc. v. Chapman, supra.

The law in Texas is well‑settled concerning
when a bill of review is appropriate.   Tice
v. City of Pasadena, 767 S.W.2d 700 (Tex.1989)(orig. proceeding); Transworld
Financial Services Corporation v. Briscoe, 722 S.W.2d 407 (Tex.1987); Montgomery
v. Kennedy, 669 S.W.2d 309 (Tex.1984); Baker v. Goldsmith, 582
S.W.2d 404 (Tex.1979); Petro‑Chemical Transport, Inc. v. Carroll,
514 S.W.2d 240 (Tex.1974); Alexander v. Hagedorn, supra.  A bill of review is an independent equitable
attack on a judgment which has become final because the time for filing a motion
for new trial or for appealing the judgment has passed, and it is brought by a
party to the final judgment.  Tice v.
City of Pasadena, supra; Transworld Financial Services Corporation v.
Briscoe, supra; Montgomery v. Kennedy, supra; Baker v.
Goldsmith, supra; Alexander v. Hagedorn, supra.  In order to successfully attack the final
judgment, the petitioner must allege and prove (1) a meritorious defense to the
cause of action alleged to support the judgment (2) which the petitioner was
prevented from making by fraud, accident, or wrongful act of the opposite party
(3) unmixed with any fault or negligence of the petitioner.  King Ranch, Inc. v. Chapman, supra; Tice
v. City of Pasadena, supra;  Transworld
Financial Services Corporation v. Briscoe, supra; Montgomery v. Kennedy, supra;
Baker v. Goldsmith, supra; Petro‑Chemical Transport, Inc. v. Carroll,
supra;  Alexander v. Hagedorn, supra.

The trial court=s
2002  judgment held that Hassell and
Morton Valley recorded in the official public records of Eastland County five ACommon Law Liens,@ that these five Aliens@
indicated that liens were asserted against real property owned by Wilhite, that
these five Aliens@ were void as a matter of law and had
no basis in law or fact, and that the Aliens@ were recorded with the intent either
to cause Wilhite financial injury or to appropriate Wilhite=s property.  The 2002 judgment awarded Wilhite damages
against Hassell and Morton Valley.  








In his petition for bill of review, Hassell
attacked the 2002 default judgment on the grounds that (1) Hassell had no
notice of any trial or hearing, (2) Hassell had timely mailed his answer to
Wilhite=s
petition, (3) Wilhite=s
petition failed to invoke the jurisdiction of the trial court, (4) Hassell=s failure to timely file his answer was
due to a mistake or an accident in his reliance on the United State=s Postal Service to deliver his answer,
and (5) Hassell had a meritorious defense in that Wilhite had failed to state a
claim and in that Wilhite had no standing. 
In his second motion for summary judgment, Wilhite moved for summary
judgment on the basis that Hassell had failed to allege proper grounds to
support a bill of review.  

A motion for summary judgment is an appropriate
vehicle to challenge whether the proponent of a bill of review has adequately
established that he has met the specific and limited requirements to be
eligible for the extraordinary equitable remedy of a bill of review.  Ortega v. First RebulicBank Fort Worth,
N.A., 792 S.W.2d 452 (Tex.1990); Nelson v. Williams, 135 S.W.3d 202
(Tex.App. - Waco 2004, pet=n
den=d); Richardson v. Zurich Insurance
Co., Inc., 27 S.W.3d 39 (Tex. App. - San Antonio 2000, pet=n den=d);
Palomin v. Zarsky Lumber Co., 26 S.W.3d 690 (Tex.App. - Corpus Christi
2000, pet=n den=d). 
In order to determine if the trial
court erred in granting the motion for summary judgment, we must consider the
summary judgment evidence in the light most favorable to the non-movant
indulging all reasonable inferences in favor of the non-movant and determine
whether the movant proved that there was no genuine issue of material fact and
that it was entitled to judgment as a matter of law.  Nixon v. Mr. Property Management Company,
Inc., 690 S.W.2d 546 (Tex.1985); City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671 (Tex.1979). 
If the movant in a traditional motion for summary judgment establishes
that there is no genuine issue of material fact and that it is entitled to
judgment as a matter of law, then the trial court must grant the motion. Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex.1991).  The trial court must also grant a traditional
motion for summary judgment if the defendant conclusively negates at least one
element of the plaintiff=s
cause of action or prevails on a defense for each of the plaintiff=s claims.  American Tobacco Company, Inc. v. Grinnell,
951 S.W.2d 420, 425 (Tex.1997).  Upon
review of a traditional motion for summary judgment, we take as true evidence
favorable to the non-movant indulging in every reasonable inference and
resolving any doubt in the favor of the non-movant.  American Tobacco Company, Inc. v.
Grinnell, supra at 425. 








The summary judgment evidence reflects that the
trial court did not err in granting the motion for summary judgment.  Hassell did not assert a meritorious
defense.  The 2002 judgment on its face
is not void and it establishes that Wilhite had standing to sue:  Wilhite sued Hassell and Morton Valley attempting
to remove the Aliens@ that Hassell and Morton Valley had
filed on real property owned by Wilhite. 
Further, Hassell failed to allege that he was prevented from asserting a
meritorious defense by extrinsic fraud, accident, or wrongful act on the part
of Wilhite totally unmixed with any fault or negligence on his part as required
under Texas law.  King Ranch, Inc. v.
Chapman, supra; Tice v. City of Pasadena, supra; Transworld Financial
Services Corporation v. Briscoe, supra; Montgomery v. Kennedy, supra; Baker v.
Goldsmith, supra; Petro‑Chemical Transport, Inc. v. Carroll, supra;
Alexander v. Hagedorn, supra.

All of Hassell=s
arguments have been submitted and considered by this court.  Each is overruled.

The judgment of the trial court is affirmed.

 

PER CURIAM

 

September 29, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of:  Wright,
J. and McCall, J.[1]











[1]W. G. Arnot, III, Chief Justice,
retired effective July 31, 2005.  The
chief justice position is vacant.