In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-07-106 CV


____________________



BRUCE WAYNE HOUSER, Appellant



V.



KENNY K. ALLEN, ET AL., Appellees






On Appeal from the 58th District Court 


Jefferson County, Texas


Trial Cause No. A-176,032






MEMORANDUM OPINION


 Bruce Wayne Houser appeals an order granting summary judgment for Kenny K.
Allen, Vickie Barrow and William Kountz. (1) Houser's petition alleges that Houser posted
inmate requests for trust account statements to Allen and Kountz, that Allen and Kountz
failed to provide the trust account statements for a plaintiff's petition Houser filed in
Jefferson County and a mandamus petition Houser filed in federal court, and that the state
court petition was returned unfiled because a trust account statement was not included with
the petition. (2) According to Houser's petition, Allen and Kountz "knowingly, intentionally,
and wantonly withheld tangible property as to illegally obstruct justice, and to deny access
to courts[.]" (3) Houser's petition requests an injunction against interference with Houser's
access to courts, a declaratory judgment to establish his rights of access to state and federal
courts, and damages. Houser raises ten issues in his brief.

 In his first issue, Houser contends he was denied access to the courts. On December
18, 2006, the trial court ordered that Houser be given access to his legal materials until the
due date for his summary judgment response. From the arguments presented in his brief, it
appears the denial of access urged in this issue refers to the State's alleged failure to comply
with that order. The appellees filed a motion for summary judgment on December 27, 2006, 
Houser filed a motion for extension of time on January 23, 2007. (4) Houser did not file a
motion to compel until February 1, 2007, after the trial court granted the motion for summary
judgment. In the motion to compel, Houser concedes he had access to some of his materials
on January 4, 2007, and he had access to three sacks of his legal materials on January 11,
2007, and January 17, 2007. The motion states that the materials pertaining to this suit were
in one of the sacks to which he had access. His complaint appears to be that he was not
allowed to keep the materials in his cell for a thirty-one day period. The decision whether
to impose sanctions is within the sound discretion of the trial court and that decision will be
reversed only for an abuse of discretion. Shannon v. Fowler, 693 S.W.2d 54, 56 (Tex. App.--Fort Worth 1985, writ dism'd) (discovery sanctions). Even assuming the trial court's order
was not complied with, the trial court could decline to compel further compliance. Houser
admits he did have some access to the pertinent records during the applicable time period;
therefore, the trial court did not abuse its discretion by not compelling further compliance
with its order. We overrule issue one.

 In his second issue, Houser asks whether "the loss of vested rights, creates by wanton
criminal; civil; and constitutional violations, from a public servant acting under the color of
law; recoverable in Texas dist. courts[.]" In his brief, Houser appears to be arguing that his
right of access to the courts was violated by the unlawful confiscation of his legal materials
from his prison cell. One case on which he relies concerned political speech by government
employees, not prisoners' access to courts. Elrod v. Burns, 427 U.S. 347, 373-74, 96 S.Ct.
2673, 49 L.Ed.2d 547 (1976) (government officials cannot discharge public employees for
failing to support a political party or its candidates unless political affiliation is an
appropriate requirement for the job in question). The other case on which he relies does 
concern a prisoner's access to the court system, but that case requires meaningful access. It
does not hold that a restriction for even a minimal amount of time violates a prisoner's
constitutional rights. Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72
(1977). It is evident from the motion Houser filed with the trial court that he was able to
review the district court's records, the exhibits to his complaint, and the underlying
grievances on at least two days before his summary judgment response was due. The trial
court could reasonably determine that access to the confiscated material was sufficient to
enable Houser to prepare his response. We overrule issue two.

 Issue three complains that the court reporter did not prepare a reporter's record. Issue
four contends that the appellate court clerk did not ensure the reporter's record was filed. 
The court reporter's and appellate court clerk's responsibilities referred to in Texas Rule of
Appellate Procedure 35 refer to preparing written records of proceedings that have been
transcribed. See Tex. R. App. P. 35.3(b); Tex. R. App. P. 35.3(c). Obviously, the court
reporter cannot prepare a reporter's record of a hearing that was not recorded. We note,
however, that Texas Rule of Appellate Procedure 13 states that, unless excused by the
parties, the court reporter must attend court sessions and make a full record of the
proceedings. Tex. R. App. P. 13.1. (5) Error arising from the failure of the court reporter to
record the proceedings must be preserved by a timely objection. Rittenhouse v. Sabine Valley
Center Foundation, Inc., 161 S.W.3d 157, 162 (Tex. App.--Texarkana 2005, no pet.). In a
hearing where one of the parties appears telephonically and is not physically present in the
courtroom, it seems inherently unreasonable to charge that party with awareness of whether
the court reporter is recording the proceeding. Furthermore, Houser did file objections to a
lack of a reporter's record with this Court. However, assuming it was error to not record the
hearings without obtaining the parties' consent, and assuming Houser did not have an
opportunity to object until the court reporter informed the appellate court that no record had
been taken, Houser was not harmed by the error. In this case, the court reporter informed the
appellate clerk that a record was not taken of the January 26, 2007, summary judgment
hearing. Houser's brief also refers to a hearing conducted on December 18, 2006. The court
reporter notified this Court that the December 18, 2006, hearing was not reported. Houser
has not identified any other hearings.

 Motions for summary judgment are decided solely on the written pleadings, affidavits
and discovery on file with the trial court. See Tex. R. Civ. P. 166a(b). Houser's ability to
present his appeal was not affected by the lack of a reporter's record of the summary
judgment hearing. Given its timing, the December 18, 2006, hearing appears to have been
set for the purpose of considering the appellees' motion to dismiss pursuant to Chapter 14
of the Texas Civil Practice and Remedies Code. The trial court did not rule on this motion
but ordered that the appellees file a motion for summary judgment and provided Houser with
access to his legal materials for purposes of preparing his response. The trial court did not
dismiss Houser's suit for a pleading deficiency applicable to a suit filed by an indigent
inmate, so the lack of a record of that hearing does not affect our ability to review the
granting of the summary judgment.

 Houser contends the trial court made an order regarding Houser's access to his legal
materials during the December 18, 2006, hearing. As we noted in our discussion of Houser's
first two issues, however, the trial court declined to enforce whatever order or agreement was
expressed in the course of that hearing and Houser admitted he had some access to his legal
materials in the preparation of his response to the motion for summary judgment. Because
the error, if any, in failing to record the hearings neither caused the rendition of an improper
judgment nor prevented the appellant from presenting the case to the appellate court, we hold
Houser was not harmed by the failure to take down a record of the hearings before the trial
court. See Tex. R. App. P. 44.1(a). We overrule issues three and four.

 Issue five contends genuine issues of fact "show defendants' obstructing justice, and
failure to obey a court's order." Houser complains that he was forced to file his appeal
without use of the appellate record. Houser asked to have the original clerk's record shipped
to him at the prison unit where he is housed. Because the record is normally shipped to a unit
law librarian for safekeeping and the law librarians at Houser's unit are the appellees in this
case, we directed the clerk of the Court of Appeals to release the record to an employee of
the Texas Department of Criminal Justice who is not named as a defendant in this suit. After
the record was returned to the Court of Appeals, Houser asked to have the record sent to the
unit's senior warden. Houser claimed the administrative segregation major charged with
safekeeping the record was somehow responsible for an assault upon Houser by another
inmate. We denied Houser's request. Nothing presented to this Court indicates that the
person charged with safekeeping the original clerk's record denied Houser access to the
clerk's record. We overrule issue five.

 In his sixth issue, Houser contends the trial court erred in failing to grant an extension
of time for Houser to file a response to the motion for summary judgment. Houser argues
that he placed his motion for extension of time in the prison mail system on January 18, 2007,
and the district clerk received the motion on January 23, 2007, but the trial court did not have
the motion at the bench during the summary judgment hearing on January 26, 2007. The
motion is not supported by affidavit or other evidence, and Houser admits he was able to
communicate his desire for additional time to the trial court during the summary judgment
hearing. In his motion for extension of time, Houser stated that he needed additional time
to acquire replacement copies of his plaintiff's original petition and attached exhibits. 
Because it was the live pleading on file at the time of the hearing, the trial court could
consider the petition in ruling on the motion for summary judgment without Houser having
attached the pleading to a response to the motion for summary judgment. See Richardson
v. Zurich Ins. Co., Inc., 27 S.W.3d 39, 41 (Tex. App.--San Antonio 2000, pet. denied). The
trial court could reasonably have determined that an extension of time was unnecessary. We
overrule issue six.

 Houser's seventh issue argues the appellees failed to establish their entitlement to
summary judgment as a matter of law. The movants for summary judgment have the burden
of showing that there is no genuine issue of material fact and that they are entitled to
judgment as a matter of law; in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non-movant will be taken as true; 
and every reasonable inference must be indulged in favor of the non-movant and any doubts
resolved in its favor. Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548-49 (Tex.
1985). To prevail on a summary judgment, moving defendants must either disprove at least
one element of the plaintiff's theory of recovery as a matter of law or plead and conclusively
establish each essential element of an affirmative defense. Zep Mfg. Co. v. Harthcock, 824
S.W.2d 654, 657 (Tex. App.--Dallas 1992, no writ). "Summary judgment on the pleadings
is proper where plaintiff's allegations cannot constitute a cause of action as a matter of law." 
Wayne Duddlesten, Inc. v. Highland Ins. Co., 110 S.W.3d 85, 95-96 (Tex. App.--Houston
[1st Dist.] 2003, pet. denied) (citing Peek v. Equip. Serv. Co., of San Antonio, 779 S.W.2d
802, 805 (Tex. 1989)).

 The motion for summary judgment asserted qualified immunity for all federal claims
brought against the appellees in their individual capacities, sovereign immunity for all claims
brought against them in their official capacities, and official immunity for all state law claims
brought against them in their individual capacities. In addition to asserting defenses related
to immunity, the appellees moved for summary judgment on the grounds that Houser has not
suffered an actual injury to a legal claim. Excerpts from Kountz's and Allen's access to
courts notary log books were attached to the motion for summary judgment. The appellees
asserted that Houser received copies of his inmate trust account statement on August 3, 2005,
two dates in October 2005, three dates in November 2005, and two dates in December 2005. 
The log books showed that several of the trust account statements were sent to the Jefferson
County District Clerk. A trust account statement dated October 18, 2005, was attached to
Houser's original petition in this case. The motion for summary judgment urged that because
Houser regularly received trust account statements, Houser had not been denied access to the
courts. The motion also stated that the federal mandamus petition was filed in the Fifth
Circuit in No. 05-41615 on November 16, 2005. (6)

 Houser argues his claims are § 1983 claims of denial of access to courts and due
process. See 42 U.S.C. § 1983; Bounds v. Smith, 430 U.S. at 828. We understand Houser's
allegation regarding the failure to provide trust account statements to be that Allen and
Kountz failed to provide the statements in a timely fashion. In his brief, Houser argues that
his underlying claims were subject to the Department's inmate grievance procedure and the
petition was not timely filed because Kountz and Allen wantonly delayed acting on his
requests for certified copies of his trust account statement. Houser suggests he is prohibited
from pursuing the claims raised in the petitions by operation of § 14.005 of the Texas Civil
Practice and Remedies Code. See Tex. Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon
2002) ("A court shall dismiss a claim if the inmate fails to file the claim [subject to the
grievance system] before the 31st day after the date the inmate receives the written decision
from the grievance system.").

 Houser's original petition alleges the deadline for mailing the petition to the district
clerk was August 22, 2005. His petition also alleges that Houser attached a photocopy of an
outdated trust account statement and mailed the petition to the district clerk. The petition
further alleges that the district clerk returned the state court petition to Houser on August 26,
2005, with instructions to return the document for filing with the required trust account
statement. Houser alleged the petitions were returned unfiled because they did not include
trust account statements.

 The state court petition was conditionally filed on the date Houser tendered it for
mailing. Once the defect is cured, such a conditional filing is effective as of the date it was
originally received. See Garza v. Garcia, 137 S.W.3d 36, 38 (Tex. 2004); Tate v. E.I.
DuPont de Nemours & Co., Inc., 934 S.W.2d 83, 84 (Tex. 1996); Jamar v. Patterson, 868
S.W.2d 318, 319 (Tex. 1993). The legally significant act is the tendering of the document
to the district clerk, not the payment of the filing fee or the document filed in lieu of security
for costs. From Houser's own pleadings, it is apparent that he complied with Civil Practice
and Remedies Code § 14.005 when he tendered the state court petition for filing. Houser
somewhat acknowledged this principle in his original petition, which stated:

 Yes, the defendants can claim; [the district clerk] error at law in both Rule 145,
and the document, not being enter in court's records, since it was a photocopy
[of a trust account statement issued on July 12, 2005]! The plaintiff will
assume [the district clerk's] action was lawful, and file on the defendants'
unlawful refusal to provide needed court's record!

 

 The trial court could determine from Houser's pleadings that Houser was not
prevented from filing his state court petition. Houser alleges only that the petition was
returned to him by the district clerk with instructions to re-file the document along with a
trust account statement; he does not allege that the trial court dismissed his case or entered
judgment for the defendants due to Houser's failure to file the claim within the time required
by § 14.005, Texas Civil Practice and Remedies Code.

 Houser's petition in this case alleged that the federal mandamus petition was returned
to him unfiled because the appellees did not provide a trust account statement, but he does
not allege that the claim is now barred because a trust account statement was not provided
by August 22, 2005. The appellees claimed Houser filed the federal mandamus petition on
November 16, 2005, and asserted lack of actual harm as a ground for summary judgment. 
On appeal, Houser discusses only his state court filings and does not present any argument
or authorities regarding a time limit for filing a mandamus petition in federal court. In
particular, Houser relies on § 14.005 of the Texas Civil Practice and Remedies Code, but he
does not explain how a state limitations provision applicable to inmates who proceed as
indigent in state court could possibly affect a mandamus petition filed in a federal appellate
court.

 The trial court could determine from the pleadings that Houser is asserting a denial
of access to courts claim for which he suffered no actual injury. See generally Lewis v.
Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (an inmate in a federal court
suit who alleges a violation of his right to access to the courts must show actual injury). 
Thus, the trial court could grant the motion for summary judgment without ruling on the
appellees' alternative ground for summary judgment. Therefore, we decline to address the
appellant's challenges to the granting of summary judgment based upon the appellees'
affirmative defense of qualified immunity raised in part of issue seven and in issue eight. We
overrule the remainder of the appellant's seventh issue.

 In his ninth issue, Houser makes a vague reference to the Texas Attorney General's
Office and the district court's role as a finder of fact and the court's duty to administer
justice. Houser's tenth issue complains that his belief in the justice system has motivated the
appellees to cause Houser to suffer daily illegal punishment. In the argument presented in
his brief, Houser appears to be complaining that the appellees did not serve him with a copy
of a motion filed for a hearing conducted on December 18, 2006. Although he refers to it
as a motion for summary judgment, the motion in the clerk's record is a motion to dismiss
the suit for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies
Code. The trial court did not rule on this motion, but granted a motion for summary
judgment filed December 27, 2006. Houser also appears to be reiterating the complaints
raised in issues one through six. As he presents no additional authority supporting a claim
of error, we will not revisit those issues. Because they do not present meritorious grounds
for reversal, we overrule issues nine and ten.

 We affirm the judgment of the trial court.

 AFFIRMED.




 _____________________________

 STEVE McKEITHEN

 Chief Justice


Submitted on February 27, 2008

Opinion Delivered May 15, 2008


Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Houser also named Dirk E. Lorimier and "T.D.C.J. Agency" as defendants. The
record contains neither citations nor answers regarding these defendants. A judgment is final
if it disposes of all issues and all parties that have been served or filed an answer. M.O.
Dental Lab v. Rape, 139 S.W.3d 671, 674-75 (Tex. 2004).
2. We do not see a similar allegation in the petition regarding the federal mandamus
filing.
3. The petition lists Barrow as a defendant but does not identify Barrow in any of the
factual allegations. Barrow's name appears on the signature line of a Step 2 grievance
response.
4. It appears the motion for extension of time was prepared and forwarded for mailing
on January 18, 2007.
5. This rule of appellate procedure is in apparent conflict with the court reporter's
duties described in the Texas Government Code, which requires attendance upon request. 
See Tex. Gov't Code Ann. § 52.046 (Vernon 2005); Nicholson v. Fifth Third Bank, 226
S.W.3d 581, 583 (Tex. App.--Houston [1st Dist.] 2007, no pet.). "[W]hen a rule of
procedure conflicts with a statute, the statute prevails unless the rule has been passed
subsequent to the statute and repeals the statute as provided by Texas Government Code
section 22.004." Johnstone v. State, 22 S.W.3d 408, 409 (Tex. 2000). "[A] rule adopted by
the supreme court repeals all conflicting laws and parts of laws governing practice and
procedure in civil actions, but substantive law is not repealed." See Tex. Gov't Code Ann.
§ 22.004(c) (Vernon Supp. 2007). In this appeal, we assume that the court reporter must be
present and record proceedings unless excused by agreement of the parties. Therefore, in this
case we do not decide whether the rule prevails over the statute.
6. The appellees did not include Houser's federal mandamus petition in their summary
judgment evidence.