NO. 07-07-0294-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 4, 2008
_____

IN THE MATTER OF THE MARRIAGE OF
LORI LEIGH MAYLES NOONAN AND THOMAS A. NOONAN, JR.
_____

FROM THE 198TH DISTRICT COURT OF MCCULLOCH COUNTY;

NO. 2006130; HONORABLE EMIL KARL PROHL, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Lori Leigh Mayles Noonan (Lori), appeals the granting of a summary judgment in favor of Thomas A. Noonan, Jr. (Thomas). We affirm.

Factual and Procedural Background

Lori and Thomas were married in 1973. In 2001, the parties executed a post-nuptial agreement. In January 2003, Thomas filed a petition for divorce. A final hearing on the divorce was scheduled for Monday, March 17, 2003. The Friday before the final hearing, Lori filed an answer through a retained attorney. At the final hearing, an agreed divorce decree, which included an agreement incident to divorce, was entered. No motion for new

trial was filed and no appeal was attempted. On November 26, 2003, Lori filed her first petition for bill of review. The first bill of review was subsequently non-suited by Lori on January 27, 2004. On July 30, 2004, Lori and Thomas filed an informal marriage registration. In June 2005, Lori filed a petition for divorce from Thomas. Subsequently, on February 7, 2006, the trial court for the second divorce entered a partial summary judgment against Lori on certain matters regarding the property of the parties. Lori then filed the bill of review that was dismissed by summary judgment on September 12, 2006. Lori appeals from this summary judgment.

Through her second bill of review, Lori is attacking the divorce decree entered on March 17, 2003. Specifically, Lori requested the trial court set aside the agreement incident to divorce and that portion of the judgment of divorce that incorporated the agreement. Further, Lori requested the trial court make a new division of the property divided in the original divorce decree. Lori's request for relief, through the bill of review process, is founded upon the allegations that Thomas committed fraud. According to the petition, the fraud was in the nature of fraudulent representations regarding what the relationship of the parties would be after the divorce. Lori posits that Thomas's actions prevented her from asserting claims against him for fraud on the community, fraud on a spouse's separate property, breach of fiduciary duty, duress, and overreaching.

Thomas filed a traditional motion for summary judgment alleging that, as a matter of law, Lori could not establish a prima facie case in support of her bill of review. The trial court granted a partial summary judgment, reserving the issue of attorney's fees. Thereafter, Thomas filed a motion for summary judgment on the issue of attorney's fees.

2

The trial court granted this summary judgment and entered a final judgment. This appeal resulted from the entry of this final judgment.

Standard of Review

A party may prevail on a summary judgment motion by conclusively establishing the absence of any genuine issue of a material fact and that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). If the summary judgment movant is a defendant, the movant must conclusively negate at least one of the elements of the non-movant's cause of action or must conclusively prove each element of an affirmative defense. Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). We review the granting of a traditional summary judgment motion *de novo*, applying the standards set out in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985):

> 1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
>
> 2. In determining whether there is a disputed issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true.
>
> 3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

Bill of Review

A bill of review is an equitable action brought by a party to a previous suit seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003). A bill of review is

proper where a party has exercised due diligence to prosecute all adequate legal remedies against a former judgment and, at the time the bill of review is filed, there remains no adequate legal remedy available through no fault of the proponent. Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979). Ordinarily, one with an available appellate remedy who fails to pursue that remedy is not entitled to seek relief by way of a bill of review. Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980). Because of the fundamental importance of the finality of judgments, bills of review are examined closely and the grounds upon which a bill of review can be obtained are narrow and restricted. Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). To successfully challenge a judgment by bill of review, the petitioner must prove: (1) a meritorious defense to the cause of action; (2) that petitioner was prevented from making the defense by the fraud, accident, or wrongful act of the opposite party; and (3) that the failure to make the defense was unmixed with any fault or negligence of the petitioner. King Ranch, Inc., 118 S.W.3d at 751 (citing Alexander, 226 S.W.2d at 998.).

Fraud in relation to a bill of review attack on a final judgment is either extrinsic or intrinsic. Id. at 752. Only extrinsic fraud will support a bill of review. Id. (citing Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989)). Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted. Id. Intrinsic fraud, by contrast, relates to the merits of the issues that were presented and presumably were or should have been settled in the former action. Id. Within that term are included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering

4

the judgment assailed.  Id.  Such fraud will not support a bill of review because each party must guard against adverse findings on issues directly presented.  Id. (citing Tice, 767 S.W.2d at 702 and Alexander, 226 S.W.2d at 998).  Issues underlying the judgment attacked by a bill of review are intrinsic and thus have no probative value on the fraud necessary to a bill of review.  Id.

Analysis

Lori contends that Thomas committed fraud because he was only able to get her to sign the post-nuptial agreement by overcoming her free will and this post-nuptial agreement became the agreement incident to divorce that was embodied in the final decree of divorce.  Further, she contends that, at the time of the divorce she did not know the extent or value of the marital estate.  To support these allegations, Lori sets forth a myriad of factual allegations of Thomas's alleged abusive conduct during the marriage. Finally, Lori argues that the disproportionate property division can not be allowed to stand.

Assuming, *arguendo*, that Lori's contention regarding the original post-nuptial agreement is correct, it does not demonstrate extrinsic fraud as to the 2003 divorce decree. The record reflects that Lori employed an attorney to represent her in the divorce proceeding.  The record further reflects that the attorney filed an answer and appeared at the final hearing on the divorce.  During that hearing, Lori's attorney made the following statement,

> She expressed concern to me that although she was not sure about the extent and magnitude of the parties' estate, that she was of the opinion that

5

> she was only going to receive approximately 20 percent of the total estate in terms of the proposed agreement.
>
> ****
>
> She came back later Friday afternoon and delivered me a handwritten copy of that postnuptial agreement....Had a phone conversation with Ms. Noonan yesterday afternoon and explained to her that in my opinion she had at least a reasonable chance of setting the postnuptial agreement aside because she alleged she had not signed it voluntarily, and she, based on representations made to me, appeared that it might be [un]conscionable and that she did not have full disclosure of the assets of the parties at the time she executed it.

This statement clearly shows that, at the time the decree complained of was entered, Lori had knowledge of a possible defense to the entry of the agreement incident to divorce based on the post-nuptial agreement. As such, this was an issue that could have been presented to the trial court and, therefore, cannot serve as the basis for a bill of review. Id.

Lori also contends that she lacked capacity to sign the 2003 divorce decree. However, her attorney's representations to the court are contrary to that position. In the same statement to the court quoted above, Lori's attorney further explained that she had come to his office on the morning of the hearing and asked to sign off on the agreement. Lori explained that she did feel pressured and unable to stand up to going through the proceedings. Lori then asked that he appear for her and sign off on the agreement. In response to the trial court's question whether Lori was asking the trial court to approve the instruments, trial counsel answered, "That's my understanding. She asked me to go ahead and sign off." Again, all these statements show that Lori, for whatever reason, understood what was about to take place and did not choose to personally go through the process. Yet, Lori's affidavit clearly demonstrates that she was present in the courtroom at the time

6

the hearing was conducted. In reviewing Lori's evidence of coercion and duress that overcame her free will or demonstrated a lack of capacity, we find that nearly all of the alleged coercion was during the marriage and dealt with the execution of the original post-nuptial agreement. As stated above, Lori was aware of this and, in fact, her attorney discussed these matters with her. Therefore, it was, at best, intrinsic fraud and would not support a bill of review. Id. As to the evidence that Thomas threatened her by stating that if Lori fought the divorce she would get less because he would spend it all on attorney's fees, we note that Lori has provided the Court with no cases supporting the proposition that a threat to litigate is the type of coercion that would overcome someone's free will or remove their capacity to consent nor have we found any authority to support this proposition.

Lori also contends that Thomas's reaction to her consulting with an attorney and filing an answer was so violent that it overcame her own free will. To this end, Lori has provided the affidavit of a witness, Claudia Davis. Yet, an examination of Lori's affidavit reveals that the incident in question occurred before Thomas filed for divorce. After the alleged incident, Lori met with an attorney, discussed the proposed decree, and, indeed, the attorney filed an answer and appeared for Lori. Therefore, the very issue Lori said the outburst was designed to prevent, Lori seeking legal assistance, occurred. Accordingly, we cannot say Lori's free will was overcome by Thomas's alleged duress and coercion. Finally, with Lori's declaration that the pivotal abusive incident occurred not a day or two before the final decree, Lori's attorney participating in the final hearing, and Lori's own presence in the courtroom, we are strained to conclude that Lori was not aware of all that

7

was going on and was unable to meaningfully participate in the trial. Rather, all of these matters were known to Lori and her attorney and would, at best, be classified as intrinsic fraud that would not support her bill of review. Id. Finally, her failure to pursue an appeal when she was aware of the issues and the possible merits of an appeal demonstrate a lack of diligence and, therefore, are negligence attributable to Lori. As such, this also defeats her claim for relief via a bill of review. Rizk, 603 S.W.2d at 775. At the end of the day, it appears to this Court that what is presented is nothing more than allegations that the decree of divorce provided an inequitable and unfair division of the marital estate. An injustice in a final order will not support relief for a party by a bill of review. See Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94, 96 (1940). Accordingly, we find that the trial court did not err in granting the summary judgment.

## Attorney's Fees

As the issue of attorney's fees was dependent on our reversal of the granting of the summary judgment, we affirm the trial court's award of attorney's fees.

## Conclusion

Having overruled all of Lori's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


8