NO. 07-08-0190-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 17, 2009
______________________________

ENEDELIA A. SEPEDA, 

                                                                                                 Appellant

v.

THE STATE OF TEXAS, 

                                                                                                 Appellee
_________________________________

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-402,461; HON. BRAD UNDERWOOD, PRESIDING
_______________________________

Opinion
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Appellant Enedelia A. Sepeda was convicted of murder upon her plea of guilty and
confession in support thereof. Pursuant to a plea bargain, the trial court sentenced her to
forty years imprisonment. On November 27, 2007, she filed a motion for post-conviction
DNA testing. Without a hearing but after reviewing the affidavits and reports attached to
appellant’s motion, the trial court denied the request. Appellant appeals from that denial,
and we affirm the trial court’s decision.


 
          In her motion, appellant sought to have fingernail scrapings from the deceased’s
body and the posts of two gold earrings recovered from the floor of the deceased’s
residence subjected to DNA testing on the basis that it had not previously been subjected
to such tests. Appellant argues that 1) art. 64.02 of the Code of Criminal Procedure denies
her due process rights, 2) the trial court abused its discretion in denying the motion when
the State failed to file a response and she was held to a higher standard of proof than
required by the statute, and 3) the trial court abused its discretion in failing to conduct a
hearing on the motion when the State failed to file a response.
          Issue 1 - Due Process 
          Appellant argues that she was denied due process by the trial court overruling her
motion without first requiring the State to file a response. This argument is based on art.
64.02(a) of the Code of Criminal Procedure which provides that, on receipt of the motion,
the court is to require the attorney representing the State, not later than the 60th day after
the motion is served, to either deliver the evidence to the court along with a description of
the condition of the evidence or explain in writing why the State cannot deliver the
evidence. Tex. Code Crim. Proc. Ann. art. 64.02(a)(2) (Vernon Supp. 2009). The State
did not file a response in this instance; nor did the trial court enter an order requiring it to
do so. We nonetheless overrule the issue.
          First, we do not find in the record where appellant made this complaint to the trial
court. Even constitutional claims of due process may be waived. Adams v. State, 132
S.W.3d 701, 701-02 (Tex. App.–Amarillo 2004, no pet.). Because appellant failed to raise
this matter below, she waived it. Shannon v. State, 116 S.W.3d 52, 54-55 (Tex. Crim. App.
2003). 
          Even if not waived, the statute allows the trial court to proceed after the response
period expires and regardless of whether the State filed a response. Id. art. 64.02(b); see
also Whitaker v. State, 160 S.W.3d 5, 9 (Tex. Crim. App. 2004) (stating that the trial court
may make findings for or against the movant regardless of whether a response has been
filed by the State). So, the very same procedure that purportedly creates the due process
right invoked by appellant actually gives her no such right. 
          Nor can we see how appellant was harmed by any failure of the State to respond
since the trial court made findings that the DNA evidence still existed, was in a condition
that would make DNA testing possible, and had been subjected to a chain of custody
sufficient to establish that it had not been substituted, tampered with, replaced, or altered
in any material respect. These findings not only favor appellant but also address the
matters to which the State would have been required to respond. 
          Finally, we reject the notion that the State’s failure to respond ipso facto entitles
appellant to testing. Contrary to appellant’s analogy, that is not what happens in summary
judgment practice; there, the movant must still show he is entitled to judgment as a matter
of law. In re Marriage of Noonan, 280 S.W.3d 339, 342 (Tex. App.–Amarillo 2008, pet.
denied). 
           Issue 2 - Abuse of Discretion
          Appellant also contends that the trial court abused its discretion in denying the
motion without requiring the State to respond as statutorily prescribed. This complaint was
also waived since it was not raised before the trial court. Shannon v. State, 116 S.W.3d
at 54-55. 
          Yet, even if it was not waived, it still lacks merit. To support her argument, she relies
upon Alvarado v. State, No. 2-02-451-CR, 2003 Tex. App. Lexis 7596 (Tex. App.–Fort
Worth August 28, 2003, no pet.) (not designated for publication). There, unlike here, the
State sent an unsworn letter to the court in which it stated that the evidence was
unavailable. The court of appeals found this explanation to be inadequate to support the
trial court’s denial of the motion. Id. at *7. Here, the trial court denied the motion because
appellant failed to establish a reasonable probability that she would not have been
convicted at trial had the DNA results been available. See Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A) (Vernon Supp. 2009) (stating that the convicting court may order forensic
DNA testing only if the convicted person establishes by a preponderance of the evidence
that the person would not have been convicted if exculpatory results had been obtained
through DNA testing). Thus, our situation differs in one important aspect from that in
Alvarado; our trial court addressed the merits of the request.
          Appellant further contends that she was held to a higher standard of review than
was proper. This contention is based on the trial court’s statement that a “negative test
result from the examination of the [v]ictim’s fingernail scrapings would not conclusively
show that the Defendant was not the individual who committed the act.” (Emphasis
added). Appellant notes that under the statute, she is only required to prove by a
“preponderance of the evidence” that she would not have been convicted. Yet, in the
same conclusion referenced by appellant, the trial court also wrote that appellant “can not
sustain her burden of showing a reasonable probability that she would not have been
convicted at trial had she had exculpatory DNA results.” That is the correct standard. See
Rivera v. State, 89 S.W.3d 55, 59 (Tex. Crim. App. 2002). Moreover, it was reiterated
elsewhere in the trial court’s conclusions of law. We therefore do not believe appellant was
held to a higher standard than allowed. 
          Moreover, our own review of the record supports the trial court’s conclusion that
there existed much less than a reasonable probability that testing would have resulted in
a different outcome. Even if the evidence was favorable to appellant (meaning that
appellant’s DNA was not obtained in the fingernail scrapings), that alone falls far short of
creating a reasonable inference that someone else killed the decedent, given the
circumstances here. See Prible v. State, 245 S.W.3d 466, 470 (Tex. Crim. App. 2008),
cert. denied, ___ U.S. ___, 129 S.Ct. 54, 172 L.Ed.2d 55 (2008) (stating that the mere
presence of another person’s DNA at the crime scene does not constitute affirmative
evidence of the defendant’s innocence). This is especially so given the affidavits and
reports appended to her motion as well as her own confession. So we overrule appellant’s
second issue.
          Issue 3 - Failure to Hold Hearing
          Finally, appellant complains of the trial court’s failure to hold a hearing. She asserts
she was entitled to one because the State did not file a response. Because this issue was
not raised below, it too was waived. Moreover, the trial court need not hold a hearing until
after examining the results of forensic testing, Tex. Code Crim. Proc. Ann. art. 64.04
(Vernon 2006). Nor is it required to order testing until the movant establishes the
exculpatory nature of the test result. Id. art. 64.03(a)(2)(A) (Vernon Supp. 2009); see also
Whitaker v. State, 160 S.W.3d at 8-9 (stating that Chapter 64.03 does not require a
hearing of any sort). Because appellant did not clear the first hurdle, she cannot complain
about being deprived of the chance to reach the second. 
          Accordingly, the order of the trial court is affirmed.
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Publish. 



7.35.
4. Brenholtz's summary of the oral agreement and Ronald's letter were attached to
Brenholtz's petition as exhibits. Among other things, the letter also stated Brenholtz was
no longer an employee, the staff had been instructed to deny him entry on the premises,
the locks had been changed, the police would be called if he showed up, and "[i]f you elect
not to take this offer, then I will instruct staff to run copies of files, and mail them or deliver
them to your home."
5. The Hettlers did not seek a declaratory judgment.
6. The Hettlers did not challenge by point of error the judgment of the trial court
denying their claims under artices 21.21 and 21.55, and their good faith and fair dealing
claim or the award of attorney's fees to Travelers. 
7. See Section V - Definitions, 10. c.