Lester S. TICE and Marilyn Garcia, Relators,

v.

CITY OF PASADENA, Texas and the Honorable David West, Respondents.

Lois M. FREEMAN et al., Relators,

v.

CITY OF PASADENA, Texas and the Honorable David West, Respondents.

Nos. C–8170, C–8195.

Supreme Court of Texas.

March 29, 1989.

Phillip A. Pfeifer, Houston, Russell H. McMains, McMains & Constant, Corpus Christi, William A. Odom, Stafford, for relators.

Lee Clark, City Atty., Pasadena, Don Weitinger, Ernest, Cannon & Associates, Houston, for respondents.

## ORIGINAL MANDAMUS
## PROHIBITION PROCEEDING

MAUZY, Justice.

Relators have filed an application for a writ of prohibition to prohibit the City of Pasadena and the Honorable David West, Judge of the 269th Judicial District, Harris County, Texas, from further interfering with the enforcement of the mandate of this court, issued on March 25, 1988, in Cause No. C–6571, *Freeman v. City of Pasadena,* 744 S.W.2d 923 (Tex.1988).

The issue in this original proceeding is whether allegations contending that litigants in the original action engaged in a conspiracy to suborn perjury and conceal witnesses may form the basis of a meritorious bill of review.

In May 1983 Jimmy Jordan drove his car into a drainage ditch in Pasadena. He was killed, as was passenger David Tice. Passengers Jeff Jordan and Eric Creel were injured. The boys' families brought suit against the City of Pasadena for wrongful death and personal injury. The surviving passengers testified at trial that the driver had no familiarity with the street which dead ends into the drainage ditch, and had no intention to try to "jump" the ditch as a prank.

The jury found the City of Pasadena 90 percent negligent in failing to erect a barricade in front of the ditch. The jury also found Jimmy Jordan 10 percent negligent in driving at a greater rate of speed than a person using ordinary care would have driven. The trial court rendered judgment for the plaintiffs. The court of appeals modified the judgment to delete bystander damages for parents who were not near the scene of the accident. *Pasadena v.*

*Freeman,* 731 S.W.2d 590 (Tex.App.—Houston [14th Dist.] 1987).

This court affirmed the court of appeals' deletion of bystander damages. *Freeman v. Pasadena,* 744 S.W.2d 923 (Tex.1988). This court's mandate issued on March 25, 1988. On June 22, 1988, relators, plaintiffs in the trial court, filed a mandamus petition in the trial court, requesting that Judge West order the City of Pasadena to raise the money to pay the judgment. A hearing on this mandamus petition was scheduled for August 29, 1988. On that date Judge West refused to hear the petition, because by that time the City of Pasadena had filed a bill of review proceeding on the case. Judge West denied the plaintiffs' motion for summary judgment and granted the preliminary hearing on the bill of review. Judge West declined to hear the mandamus petition because of the pendency of the bill of review.

Pasadena's bill of review alleged that the parents of the deceased and injured boys engaged in a conspiracy to defraud Pasadena. The petition alleges that the conspiracy was an agreement among the adults to suborn perjury of the minors who testified. Pasadena alleges the conspiracy was accomplished by the suppression of evidence and concealment of the identity of witnesses, which deprived Pasadena of a fair opportunity to present its rights and defenses at trial. Pasadena's petition is accompanied by eight affidavits of individuals who state either that Jimmy Jordan, the driver, was familiar with the street which dead ends into the drainage ditch, or that he intended to jump the ditch as a prank.

■ A bill of review is an independent action of an equitable nature brought by a party to the former action and seeking to set aside a judgment therein which is not void on the face of the record and which has become final by the expiration of the periods allowed for motions for new trial or appeal. *Schwartz v. Jefferson,* 520 S.W.2d 881 (Tex.1975). A bill of review is proper in instances where a party has exercised due diligence to avail himself of all adequate legal remedies against a former judgment, and at the time he files the bill of review there remains no such adequate legal remedy still available because, through no fault of his own, he has been prevented by fraud, accident, or mistake from making a meritorious claim or defense. *Baker v. Goldsmith,* 582 S.W.2d 404 (Tex.1979).

■ Fraud in its relation to attacks on final judgments is either extrinsic or intrinsic. Only extrinsic fraud will support a bill of review. "Extrinsic fraud" is fraud which denied a party the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert. "Intrinsic fraud," by contrast, relates to the merits of the issues which were presented and presumably were or should have been settled in the former action. Within that term are included such matters as fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering the judgment assailed. Such fraud will not support a bill of review, for each party must guard against adverse findings upon issues directly presented. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996 (1950).

■ Pasadena's bill of review alleges a conspiracy to suborn perjury, which we hold to be an allegation of intrinsic fraud. *See Old National Life Ins. Co. v. Patillo,* 195 S.W.2d 690 (Tex.Civ.App.—Texarkana 1946, writ ref'd n.r.e.). As only extrinsic fraud can be the basis of a meritorious bill of review, the instant petition is insufficient. Where the movant's allegations are legally insufficient to warrant a bill of review, a writ of prohibition will issue. *See Elder v. Byrd–Frost, Inc.,* 110 S.W.2d 172 (Tex.Civ.App.—Texarkana 1937, no writ); *Yount–Lee Oil Co. v. Federal Crude Oil Co.,* 92 S.W.2d 493 (Tex.Civ.App.—Beaumont, ori. proceeding), *cert. denied,* 299 U.S. 554, 57 S.Ct. 16, 81 L.Ed. 408 (1936).

In *Crouch v. McGaw,* 134 Tex. 633, 138 S.W.2d 94 (1940), this court stated that the issue of whether plaintiff swore falsely is not a ground for setting aside the judgment:

The rule is universally recognized that alleged perjury of a witness upon a trial of a contested issue, to which the opposing party had the opportunity to refute, will not furnish a basis for setting aside the judgment on bill of review. *Yount–Lee Oil Co. v. Federal Crude Oil Co.,* Tex.Civ.App., 92 S.W.2d 493; *United States v. Throckmorton,* 98 U.S. [8 Otto.] 61, 68, 25 L.Ed. 93; *Hilton v. Guyot,* 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95; *Houston E. & W.T. Ry. Co. v. Chambers,* Tex.Civ.App., 284 S.W. 1063; *Reed v. Bryant,* Tex.Civ.App., 291 S.W. 605; 15 R.C.L. 770; 34 C.J. 280; Freeman on Judgments, 5th Ed., Vol. 3, § 1241. It is the policy of the law to give finality to the judgment of the courts. To do otherwise would add much uncertainty and confusion. The reason for this rule is quite obvious. The Supreme Court of the United States, in the case of *United States v. Throckmorton,* supra, tersely stated the reason for the rule in the following language: "That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases."

Pasadena's petition falls far short of meeting the requirements for a bill of review. Paragraph VI of Pasadena's bill of review contains the allegations of conspiracy, suppression of evidence, and the subornation of perjury. Pasadena alleges:

The conspiracy was accomplished by the suppression of evidence and concealment of the identity of witnesses, which effectively deprived the plaintiff [Pasadena] of a fair opportunity to present its rights and defenses at trial, and deprived the court from holding a trial on all the merits, which constitutes fraud on the court.... The conspiracy was among the adult defendants, who had a great financial stake in the outcome of the trial. Defrauding the City of Pasadena was the object to be accomplished through the exertion of parental pressure on, and the subornation of perjury of the minor defendants. A meeting of the minds on the course of action is implied in fact that the adult defendants were present at the depositions and trial testimony of the minor defendants. In addition, the minor defendants were present during each other's testimony. The unlawful acts were the suppression of evidence through perjury and the concealment of the identity of material witnesses. The conspiracy damaged the City of Pasadena by depriving it a fair opportunity to present its rights and defenses at trial.

None of the affidavits or statements which were attached to the bill of review imputed any knowledge of any facts to relators. As a result, there was nothing presented to Judge West, other than the allegation of an *implied* conspiracy based on the testimony of two plaintiffs who were totally unrelated to Relator Lester S. Tice and Relator Marilyn Garcia. The persons allegedly involved denied any conspiracy, and Pasadena did not offer any information which could lead to the discovery of relevant information connecting relators to a conspiracy or any unlawful conduct. Furthermore, Pasadena neither pleaded nor proved any legal theory on which any alleged perjury of Jeffrey Jordan or Eric Creel could be imputed to relators.

The fraud alleged by Pasadena in the bill of review is that the minor plaintiffs, Jeffrey Jordan and Eric Creel, denied knowledge of relevant facts and claimed an inability to recall certain events. Pasadena also alleges that these minors concealed the identity of material witnesses. However, the alleged perjury of these witnesses is not the gravamen of Pasadena's bill of review. Rather, Pasadena alleges that the adult plaintiffs in the original action engaged in a conspiracy to suborn the perjury of these minors and that this conspiracy was an "extrinsic fraud."

In seeking a bill of review, Pasadena relied heavily on *Montgomery v. Kennedy,*

669 S.W.2d 309 (Tex.1984), which held that a fiduciary's concealment of material facts, used to induce an agreed or uncontested judgment, which prevents a party from presenting at trial his legal right, is extrinsic fraud. There are no fiduciary relationships present in the instant case and none have been alleged by the City of Pasadena. Instead, the City of Pasadena asserts that the instant case represents a situation where the harm committed was "at least as unjust as that committed by the fiduciary in *Montgomery v. Kennedy.*" Pasadena apparently disregards the court's language in *Montgomery*, reaffirming that "it is particularly well established that the alleged perjury of a witness on a contested issue, which the opposing party had the opportunity to refute, is intrinsic fraud." *Montgomery v. Kennedy*, 669 S.W.2d 309, 313 (Tex.1984).

The fatal flaw in Pasadena's claim is that all of these issues were in controversy in the original trial, and were fully litigated or could have been fully litigated had Pasadena asserted its legal rights. A careful examination of the record in the original trial bears out the fact that all of the alleged "meritorious defenses" were fully presented or could have been fully presented in the original trial. As early as June 7, 1984, Pasadena was alleging intoxication and the intention of Jimmy Jordan to jump the ditch. Counsel for the Estate of Jimmy Jordan moved for directed verdict on these and other issues of contributory negligence of Jimmy Jordan. The trial court overruled these motions for directed verdict. Yet, Pasadena never requested special issues on its pleadings of intoxication of Jimmy Jordan or on his alleged deliberate attempt to jump the ditch.

Furthermore, the record is clear that the question of Jimmy Jordan's prior knowledge of the scene of the accident was fully in controversy in the original trial, as was the question of any of the occupants of the vehicle having made statements about attempting to jump the ditch. Relators sought and obtained an order from the trial court compelling Pasadena to identify its witnesses on the issue of whether any of the boys had any prior knowledge of the scene of the accident and an order compelling Pasadena to identify any witnesses who claimed to have overheard any statements by Jimmy Jordan, David Tice, Eric Creel, or Jeffrey Jordan relating to whether or not they were attempting to jump the ditch on the occasion in question. Pasadena answered interrogatories stating that it had no witnesses who could testify to these issues.

After filing their answer to the bill of review, Relator sent interrogatories and requests for admissions to Pasadena. These were answered on September 14, 1988, and were part of the summary judgment proof. In answer to the interrogatories, Pasadena admitted that it has no knowledge of anyone other than the plaintiffs in the original cause who claim to have knowledge of any relevant facts concerning: (1) any participation by relators in any conspiracy to defraud the City of Pasadena, Texas; (2) any involvement whatsoever of Relators with the alleged conspiracy, fraud, or suborning of perjury set forth in the bill of review; and (3) the name of any person whose identity was suppressed by the Relators. Furthermore, Pasadena acknowledged in answers to other interrogatories that it had no information on the following issues: the participants, time, place, manner, circumstances or nature of any agreement or meeting of the minds; the manner, method, or way in which this prevented Pasadena from making a defense; and the manner of participation by Relators in the alleged conspiracy, fraud, or subornation of perjury.

Significantly, counsel for the City of Pasadena conceded in oral argument before this court that no attempt had been made by the City of Pasadena to bring a criminal complaint against Relators for the alleged subornation of perjury.

A suit instituted for the purpose of setting aside a judgment and re-trying a cause is an equitable proceeding, and the grounds on which such suit may be instituted are narrow and restricted. We find no reason to stray from the well established rule set out in *Crouch v. McGaw*, 134 Tex. 633, 138 S.W.2d 94 (1940), that the alleged perjury

of a witness on a contested issue, which the opposing party had the opportunity to refute, is intrinsic fraud.

Since it clearly appears that the bill of review constitutes an attempt on the part of Pasadena to relitigate the same issues which have already been litigated by the same parties and which have been decided by this court, and that such suit would interfere with the judgment of this court in Cause No. 6571 *Freeman v. City of Pasadena*, 744 S.W.2d 923 (Tex.1988), we hold that the respondents are prohibited and enjoined from further prosecuting such suit. This order, however, shall not prevent any court in which such cause is pending from issuing orders dismissing the cause from its docket.