11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Stephen James Larrew

Appellant

Vs.                   No. 11-02-00233-CV B Appeal from Dallas County

Loranda Lynn Larrew

Appellee

 

This is an appeal from the denial of a bill
of review.  Because appellant did not
establish that he was entitled to proceed with a bill of review, the trial
court did not err; and the judgment is affirmed.[1]

On April 23, 1991, the trial court signed the
divorce decree dissolving the marriage of Loranda Lynn Larrew and Stephen James
Larrew.  The Honorable Solomon Casseb,
Jr. was the presiding judge who signed the decree.  In March of 2002, appellant filed a bill of review attacking the
1991 decree as void because the Secretary of State could not certify that Judge
Casseb had filed an oath of office for the year 1991.  On March 28, 2002, appellant filed an Aobjection/mandatory judicial notice@ attacking the 1991 decree as void.  On April 11, 2002, appellant filed a
petition for injunction to prevent appellee from depriving him Aof liberty or property including the personal
property of money.@  After a hearing, the trial court denied
appellant=s requested relief and found that the 1991
decree was not void and that the 1991 decree would not be vacated. 

In addressing the requirements for proceeding
on a bill of review in Wise v. Fryar, 49 S.W.3d 450, 454 (Tex.App. - Eastland
2001, pet=n den=d), cert. den=d., 534 U.S. 1079
(2002), this court summarized the applicable Texas law as follows:








The law in Texas is well‑settled
concerning when a bill of review is appropriate.  Tice v. City of Pasadena, 767 S.W.2d 700 (Tex.1989)(original
proceeding); Transworld Financial Services Corporation v. Briscoe, 722 S.W.2d
407 (Tex.1987); Montgomery v. Kennedy, 669 S.W.2d 309 (Tex.1984); Baker v.
Goldsmith, 582 S.W.2d 404 (Tex.1979); 
Petro‑Chemical Transport, Inc. v. Carroll, 514 S.W.2d 240
(Tex.1974);  Alexander v. Hagedorn, [226
S.W.2d 996 (1950)].   A bill of review
is an independent equitable attack on a judgment which has become final because
the time for filing a motion for new trial or for appealing the judgment has
passed, and it is brought by a party to the final judgment.  Tice v. City of Pasadena, supra; Transworld Financial
Services Corporation v. Briscoe, supra; 
Montgomery v. Kennedy, supra; Baker v. Goldsmith, supra; Alexander v.
Hagedorn, supra.  In order to
successfully attack the final judgment, the petitioner must allege and prove
(1) a meritorious defense to the cause of action alleged to support the
judgment (2) which the petitioner was prevented from making by fraud, accident,
or wrongful act of the opposite party (3) unmixed with any fault or negligence
of the petitioner.  Tice v. City of
Pasadena, supra; Transworld Financial Services Corporation v. Briscoe, supra;
Montgomery v. Kennedy, supra; Baker v. Goldsmith, supra; Petro‑Chemical
Transport, Inc. v. Carroll, supra; Alexander v. Hagedorn, supra.

 

Neither in his petition for bill of review
nor at the hearing on his petition did appellant allege or prove that he had a
meritorious defense to the 1991 divorce decree that he was prevented from
making by fraud, accident, or wrongful act of appellee unmixed with any fault
or negligence on his part.  No evidence
was alleged or presented that Judge Casseb was not properly assigned to preside
in the 1991 divorce or that appellant was prevented from advancing a specific
meritorious defense by fraud, accident, or wrongful act on the part of
appellee.  Therefore, the trial court
did not err in denying the bill of review.

All of appellant=s arguments on appeal have been considered,
and each is overruled.  The judgment of
the trial court is affirmed.

 

PER CURIAM

 

November 27, 2002

Do not publish.  See TEX.R.APP.P. 47.3(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]While appellant has not filed a Atraditional@ appellate
record, appellant has provided this court with a certified copy of the reporter=s record attached as an exhibit to his brief.  The divorce decree, appellant=s bill of review, notice of appeal, and the trial court
order from which the appeal is taken are also before this court.  In the interest of justice, we will address
the merits of appellant=s claims on appeal rather than dismiss for failure to
provide a technically correct record.