11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Ricky W. Turner
            Appellant
Vs.                  No. 11-04-00147-CV -- Appeal from Taylor County
Janie Cockrell et al
            Appellees
 
            In February of 2002, Ricky W. Turner sued Janie Cockrell, Cary Cook, and Bob Prewitt, 
alleging that the defendants denied him adequate medical attention while he was confined in the
French Robertson Unit of the Texas Department of Criminal Justice - Institutional Division. On
May 28, 2002, the trial court dismissed the cause of action pursuant to TEX. CIV. PRAC. & REM.
CODE ANN. § 14.003 (Vernon 2002). Almost 24 months later on May 11, 2004, Turner filed a
notice of appeal. We dismiss the appeal for want of jurisdiction. 
            In both his brief on the merits and his motion to continue his appeal, Turner argues that he
did not have timely notice of the trial court’s May 28, 2002, dismissal of his cause of action. Turner
states that the clerk of the trial court advised him that the case had been dismissed when she returned
his motion requesting a trial date that he filed on April 15, 2004. Turner states that he “feels that his
Notice of Appeal was on a timely basis at the time of his notification of dismissal.” 
            TEX.R.APP.P. 26.1 provides that, to perfect an appeal, the notice of appeal is due to be filed
within 30 days after the judgment was signed or within 90 days after the judgment was signed if a
motion for new trial was timely filed. The clerk’s record reflects that a motion for new trial was not
timely; therefore, the notice of appeal was due to be filed on or before June 27, 2002. 
             TEX.R.CIV.P. 306a allows for the enlargement of the appellate timetable for no notice of
judgment. However, Rule 306a extends the beginning of the applicable time periods no more than
90 days from the date of judgment. While the record reflects that a notice of the dismissal was sent
to Turner as required by Rule 306a(3), Turner states that he did not receive notice until April 2004. 
Therefore, Turner could not have acted under Rule 306a.
            After the May 28, 2002, dismissal became final, it could only be attacked through the
equitable remedy of a bill of review. TEX.R.CIV.P. 329b(f); Tice v. City of Pasadena, 767 S.W.2d
700 (Tex.1989)(orig. proceeding); Transworld Financial Services Corporation v. Briscoe, 722
S.W.2d 407 (Tex.1987); Montgomery v. Kennedy, 669 S.W.2d 309 (Tex.1984); Baker v. Goldsmith,
582 S.W.2d 404 (Tex.1979); Alexander v. Hagedorn, 226 S.W.2d 996 (Tex.1950). In the interest
of justice, we have reviewed each document filed by Turner after the May 28, 2002, dismissal and
have determined that none could be interpreted to be a bill of review. Tice v. City of Pasadena,
supra; Transworld Financial Services Corporation v. Briscoe, supra; Montgomery v. Kennedy,
supra; Baker v. Goldsmith, supra; Petro-Chemical Transport, Inc. v. Carroll, 514 S.W.2d 240
(Tex.1974); Alexander v. Hagedorn, supra. 
            Because Turner has not timely challenged the May 28, 2002, dismissal of his cause of action
either by direct appeal as provided for in Rule 26.1 or by the equitable remedy of bill of review as
provided for in Rule 329b(f) and the applicable law, this court does not have jurisdiction to entertain
this appeal. The motion for continuance is overruled, and the appeal is dismissed for want of
jurisdiction.
 
                                                                                    PER CURIAM
 
June 17, 2004
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and 
Wright, J., and McCall, J.