Affirmed and Memorandum Opinion filed August 23, 2007








Affirmed and Memorandum Opinion filed August 23, 2007.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00069-CV

_______________

 

WILLIAM ROBERT THOMAS, Appellant

 

V.

 

 

PATRICIA RUSSELL THOMAS, Appellee

                                                                                                                                               


On Appeal from the 245th District Court

Harris County, Texas

Trial Court Cause No. 05-58241

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

William
Robert Thomas appeals dismissal of a bill of review challenging a divorce
decree and final judgment in favor of Patricia Russell Thomas.  Our disposition
is based on settled law.  Accordingly, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.








I. Background

William
and Patricia were divorced on July 5, 2005, following a jury trial concerning
which parent should retain the exclusive right to determine and establish
residence for their two children.  On July 20, 2005, William filed his original
motion for new trial claiming the trial court erred by failing to strike
certain jurors during jury selection and contending Athat the jury verdict was against the
greater weight and preponderance of the credible evidence.@       During the morning hours of
August 4, 2005, Patricia informed William she was pregnant with another child. 
She claimed to have discovered her pregnancy after a sonogram was performed on
July 1, 2005.  Patricia gave birth to the child on October 27, 2005.  William
disclaimed paternity, and another man filed an acknowledgment that he is the
father.         William did not file an amended motion for new trial on or
before August 4, 2005, which was the last day a motion for new trial could be
timely filed pursuant to Texas Rule of Civil Procedure 329b. See Tex. R. Civ. P. 329(b).  However, on
August 15, 2005, he filed his first amended motion for new trial in which he
first announced his new-evidence complaint regarding Patricia=s pregnancy revelation.  William
filed a second amended motion for new trial on August 18, 2005.  On August 26,
2005, the trial court denied William=s motion for new trial.  William
elected not to pursue an appeal within the prescribed time. Instead, on
September 13, 2005, he filed a bill of review.  Following a hearing, the trial
court granted Patricia=s motion to dismiss the bill of review on November 14, 2005. 
This appeal ensued.

II. Standard of review








A bill
of review is an equitable proceeding to set aside a judgment that is not void
on the face of the record, but is no longer appealable or subject to a motion
for new trial.  King Ranch, Inc.  v. Chapman, 118 S.W.3d 742, 751 (Tex.
2003).  A bill of review is proper when a party has exercised due diligence to
prosecute all legal remedies against a former judgment. Id.  Because of
the fundamental policy that judgments must become final at some point, there
are narrow grounds for granting a bill of review.  Id.  Consequently, a
party petitioning for a bill of review must plead and prove (1) a meritorious
defense to the cause of action alleged to support the judgment, (2) that the
petitioner was prevented from making by the fraud, accident or wrongful act of
his opponent, and (3) the petitioner was not negligent.  Id. at 751B52.  

In
reviewing the grant or denial of a bill of review, every presumption is
indulged in favor of the court=s ruling, which will not be disturbed unless it is
affirmatively shown that there was an abuse of judicial discretion.  Nguyen
v. Intertex, Inc., 93 S.W.3d 288, 293 (Tex. App.CHouston [14th Dist.] 2002, no pet.); see
also Interaction, Inc. /State v. State/ Interaction, Inc., 17 S.W.3d 775,
778 (Tex. App.CAustin 2000, pet. denied).  The trial court abuses its discretion when it
rules in an unreasonable or arbitrary manner, or without reference to any
guiding rules or principles.  Nguyen, 93 S.W.3d at 293. 

III. Analysis

William
seeks to set aside the trial court=s determination that Patricia will be
the primary joint managing conservator of their two children.  In his bill of
review, he contends: (1) he was unable to present a meritorious claim to set
aside the judgment because he was deprived of complete facts and access to an
important witness; and (2) he was prevented from presenting a meritorious
defense to paternity of Patricia=s newest child.  William asked the
trial court to vacate its judgment and grant a new trial on the issue of which
party should have the right to establish domicile and residence of the two
children born to the marriage








In
support of his first contention, William asserts that Patricia lied under oath
about her pregnancy.  An allegation of perjury pertains to the merits of an
underlying judgment and denotes intrinsic fraud.  Intrinsic fraud is not the
proper subject for a bill of review.  See King Ranch, 118 S.W.3d at 752;
Tice v. City of Pasadena, 767 S.W.2d 700, 704B05 (Tex. 1989) (original
proceeding).  Only extrinsic fraud will support a bill of review.  King
Ranch, 118 S.W.3d at 752.  Extrinsic fraud is defined as fraud that denies
a party the opportunity to fully litigate at trial all the rights or defenses
that could have been asserted.  Id.  A bill is not appropriate to
re-litigate issues fully presented or that could have been fully presented in
the original trial.  See Tice, 767 S.W.2d at 704B05; see also King Ranch,
118 S.W.3d at 752 (citing Tice and explaining that allegations relating
to the merits of the underlying action, including perjured testimony, involve
intrinsic fraud and have no probative value in a bill of review).

William=s second claim concerning paternity
of the new child is unrelated to the custody issue concerning the two children
born of the marriage.  William asserts that he is presumptively the father of
the new child.  See Tex. Fam.
Code Ann. ' 160.631 (Vernon 2002).  However,
William disclaimed parentage, and another man filed an acknowledgment of
paternity.  Moreover, the record reflects that William discovered Patricia=s pregnancy on the morning of August
4, 2005.  This was the last day on which William could have timely filed an
amended motion for new trial prerequisite to an appeal relative to all issues
raised in his original and amended motions for new trial.  In response to
Patricia=s suggestion that he had time to file
an amended motion for new trial on August 4, 2005, William argues that mere
notice of Patricia=s  pregnancy was not sufficient to put him on notice of
relevant new evidence because he could not calculate the date of conception or
identify the natural father.  However, we find nothing in the record to support
William=s excuse for not filing an amended
motion for new trial on August 4, 2005.  Moreover, William acknowledges in his
reply brief that the real reason he filed a bill of review was to seek a new
trial solely on the issue of which parent should have the right to establish
the residency of the two children. William inappropriately employs a legal
fiction for the sole purpose of re-litigating matters which were appealable
when he filed his bill of review.








Patricia
contends William was required to pursue any available appeal prior to
petitioning for a bill of review.  See King Ranch, 118 S.W.3d at 751. 
We agree.  William filed his bill of review before the time expired for relief
he might have obtained by a direct appeal.  A bill of review is not available
unless a party has exercised due diligence to avail himself of all adequate
legal remedies against a former judgment, and at the time he files the bill of
review, there remains no such adequate legal remedy.  Tice, 767 S.W. 2d
at 702.

For all
the reasons stated above, we conclude the trial court did not rule in an unreasonable
or arbitrary manner, or without reference to any guiding rules or principles. 
Accordingly, we hold the trial court did not abuse its discretion in dismissing
the bill of review.

The
judgment of the trial court is affirmed.                                   

 

 

/s/        Charles
W. Seymore

Justice

 

 

 

Judgment rendered and Memorandum Opinion filed August 23,
2007.

Panel consists of Justices Frost, Seymore, and Guzman.