Opinion issued January 8, 2009

  

 












            




In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-08-00074-CV
 

 
 
KAREN KACHAR, Appellant
 
V.
 
DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Appellee
 

 
 
On Appeal from the 257th District Court
Harris County, Texas
Trial Court Cause No. 92-28718
 

 

MEMORANDUM OPINION
          
          Appellant, Karen Kachar (“Kachar” ) appeals the trial court’s order declaring
her to be a vexatious litigant. We affirm. 
Background
          This case arises out of a long history of litigation between Kachar and various
parties, including the Department of Family and Protective Services (“DFPS”)
regarding custody of Kachar’s minor daughter, N. On August 22, 2006, the trial court
terminated Kachar’s parental rights. Kachar filed a motion for new trial, which was
denied. On February 27, 2007, the trial court issued a judgment nunc pro tunc. One
year after the original judgment terminating her rights was issued, Kachar filed a “Bill
of Review,” seeking to have the termination rescinded. On January 7, 2008, DFPS
filed a motion requesting that the trial court declare Kachar a vexatious litigant and
prohibit Kachar from filing any new litigation in connection with her parental rights
to N. On the morning of February 19, 2008, Kachar filed an “Objection and
Response To Order Determining Karen Kachar A Vexatious Litigant and Setting
Security.” That same day, the trial court signed an order declaring Kachar a vexatious
litigant under Texas Civil Practice and Remedies Code section 11.054(2). On August
5, 2008, the trial judge signed a final order dismissing Kachar’s bill of review. 
          On appeal, Kachar complains that the trial court erred in finding that she was
a vexatious litigant because (1) her live pleadings were meritorious, contained prima
facie evidence of extrinsic fraud and demonstrated a reasonable probability that she
would prevail; (2) the record contains evidence showing that other parties violated
a mutual permanent injunction and court orders; (3) the trial court judge was a victim
of fraud perpetrated by other parties to the litigation; (4) the order reveals that the trial
court judge had knowledge of extrinsic facts not in evidence and the trial court judge
was therefore a party to the case; and (5) Kachar is not attempting to relitigate issues
from previous litigation. 
Analysis
          We review the trial court’s determination that Kachar was a vexatious litigant
under an abuse of discretion standard. Douglas v. American Title Co. 196 S.W.3d
876, 880 (Tex. App.—Houston [1st Dist.] 2006, no pet.). On an abuse of discretion
challenge, we are not free to substitute our own judgment for the trial court’s
judgment. Bowie Mem’l Hospital v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). We can
only find an abuse of discretion if the trial court “acts in an arbitrary or capricious
manner without reference to any guiding rules or principles.” Bocquet v. Herring,
972 S.W.2d 19, 21 (Tex. 1998). The court’s decision must be “so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.” BMC Software
Belg. N.V. v. Marchand, 83 S.W.3d 789, 801 (Tex. 2002). Applying these principles,
we must determine whether the trial court’s application of the vexatious litigant
statute constitutes an abuse of discretion.
          Vexatious Litigant 
          We first address Kachar’s complaints that the trial court erred in ruling her a
vexatious litigant because her live pleadings were meritorious, contained prima facie
evidence of extrinsic fraud and demonstrated a reasonable probability that she would
prevail, and in addition, she was not attempting to relitigate issues from previous
litigation. 
          The vexatious-litigant statute provides that, on or before the 90th day after the
date that a defendant files an original answer, the defendant may move the court for
an order that determines whether the plaintiff is a vexatious litigant and that requests
that the court require the plaintiff to furnish security during the pendency of his suit. 
See Tex. Civ. Prac. & Rem. Code Ann. § 11.051 (Vernon 2002); Douglas, 196
S.W.3d at 880. This filing stays the litigation until the court rules on the merits of the
motion. Tex. Civ. Prac. & Rem. Code Ann. § 11.052(b) (Vernon 2002). The statute
requires the court to conduct a hearing to determine whether to grant the motion. See
id. § 11.053. Although there is no record of a hearing, the trial court recited in its
order that it heard testimony, reviewed evidence and heard argument. Kachar does
not complain on appeal that there was not a hearing on the court’s February 19, 2008
order, and the record reflects that she filed an objection to that order the morning that
the order was signed.
          A trial court has authority to declare a litigant vexatious pursuant to Texas
Civil Practice and Remedies Code section 11.054, which states:
A court may find a plaintiff a vexatious litigant if the defendant shows
that there is not a reasonable probability that the plaintiff will prevail in
the litigation against the defendant and that:
 
(1) the plaintiff, in the seven-year period immediately
preceding the date the defendant makes the motion under
Section 11.051, has commenced, prosecuted, or maintained
in propria persona at least five litigations other than in a
small claims court that have been:
 
(A) finally determined adversely to the plaintiff;
 
(B) permitted to remain pending at least two years without
having been brought to trial or hearing; or
 
(C) determined by a trial or appellate court to be frivolous
or groundless under state or federal laws or rules of
procedure;
 
(2) after a litigation has been finally determined against the
plaintiff, the plaintiff repeatedly relitigates or attempts to
relitigate, in propria persona, either:
 
(A) the validity of the determination against the same
defendant as to whom the litigation was finally determined;
or
 
(B) the cause of action, claim, controversy, or any of the
issues of fact or law determined or concluded by the final
determination against the same defendant as to whom the
litigation was finally determined; or
 
(3) the plaintiff has previously been declared to be a
vexatious litigant by a state or federal court in an action or
proceeding based on the same or substantially similar facts,
transition [sic], or occurrence.

Id. § 11.054 (Vernon 2002). Thus, in addition to the first requirement that there not
be a reasonable probability that the plaintiff will prevail in the litigation against the
defendant, the vexatious-litigant statute has a second requirement that the defendant
prove one of three grounds before a trial court can declare a plaintiff a vexatious
litigant. See id. § 11.054(1)-(3); Douglas, 196 S.W.3d at 880.
          The trial court’s vexatious-litigant order recited that it had terminated Kachar’s
parental rights to N. in the previous litigation, and that it had denied Kachar’s motion
for new trial in that matter. In addition, the trial court noted that Kachar’s appeal of
that judgment had been dismissed for want of prosecution. The court construed
Kachar’s current bill of review to be an attack on that final termination order. The
court also noted that Kachar had filed multiple lawsuits against various individuals,
including court ppersonnel, complaining of their actions, in which she alleged they
conspired to interfere with her custody of and relationship with N. As to Kachar’s
bill of review, the court’s order stated that 
Among the many claims set forth in Kachar’s pro se Bill of Review are
allegations that the August 22, 2006 and February 27, 2007 judgments
were rendered as the result of fraud and/or wrongful acts of Child
Protective Services (CPS) and the Harris County Attorney’s Office. 
 
. . . 
 
A review of the clerk and reporter’s records indicates that, despite her
claims to the contrary, Kachar routinely received notice of all hearings
before this court. The record also shows that she filed a motion for new
trial and appealed the judgment at issue. Accordingly, Kachar cannot
claim that she was denied notice of the proceedings that resulted in
termination of her parental rights. 
 
Kachar’s pleadings contain only bare allegations of fraud, unsupported
by any credible evidence. In short, Kachar presents no prima facie proof
of any fraud and/or wrongful acts on the part of CPS or the Harris
County Attorney’s Office, but merely repeats the same arguments that
have been previously litigated [in other cases].
          In addition, the court found that Kachar’s bill of review was an “attempt to
relitigate issues that were previously decided against her . . . when her parental rights
were terminated.” Accordingly, the order declared Kachar a vexatious litigant under
section 11.054(2) and prohibited her from “filing, in propia persona, any new
litigation in a court in this state without first seeking permission from the local
administrative judge of the court in which she intends to file litigation.”
Did the trial court abuse its discretion in finding that there was not a
reasonable probability that Kachar would prevail on her bill of
review? 
          A bill of review is an equitable action brought by a party to a previous suit
seeking to set aside a judgment which is no longer appealable or subject to a motion
for new trial. See King Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).
A bill of review is proper where a party has exercised due diligence to prosecute all
adequate legal remedies against a former judgment and, at the time the bill of review
is filed, there remains no adequate legal remedy available through no fault of the
proponent. Baker v. Goldsmith, 582 S.W.2d 404, 408 (Tex. 1979). A bill of review
may not be used as an additional remedy after one has made a timely, but unsuccessful
appeal. Rizk v. Mayad, 603 S.W.2d 773, 776 (Tex. 1980). Because of the
fundamental importance of the finality of judgments, bills of review are examined
closely and the grounds upon which a bill of review can be obtained are narrow and
restricted. Alexander v. Hagedorn, 226 S.W.2d 996, 998 (Tex. 1950). To successfully
challenge a judgment by bill of review, the petitioner must prove: (1) a meritorious
defense to the cause of action; (2) that petitioner was prevented from making the
defense by the fraud, accident, or wrongful act of the opposite party; and (3) that the
failure to make the defense was unmixed with any fault or negligence of the petitioner. 
King Ranch, Inc., 118 S.W.3d at 751 (citing Alexander, 226 S.W.2d at 998). 
          The trial court’s order noted that much of Kachar’s bill of review was devoted
to allegations that the August 22, 2006 and February 27, 2007 judgments were
rendered as the result of fraud and/or wrongful acts of DFPS, formerly known as Child
Protective Services (“CPS”), and the Harris County Attorney’s Office. Fraud in
relation to a bill of review attack on a final judgment is either extrinsic or intrinsic. 
King Ranch, Inc., 118 S.W.3d at 752. Only extrinsic fraud will support a bill of
review. Id. (citing Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989)). 
Extrinsic fraud is fraud that denied a party the opportunity to fully litigate at trial all
the rights or defenses that could have been asserted. Id. Intrinsic fraud, by contrast,
relates to the merits of the issues that were presented and presumably were or should
have been settled in the former action. Id. Within that term are included such matters
as fraudulent instruments, perjured testimony, or any matter which was actually
presented to and considered by the trial court in rendering the judgment assailed. Id. 
Such fraud will not support a bill of review because each party must guard against
adverse findings on issues directly presented. Id. (citing Tice, 767 S.W.2d at 702, and
Alexander, 226 S.W.2d at 998). Issues underlying the judgment attacked by a bill of
review are intrinsic and thus have no probative value on the fraud necessary to a bill
of review. Id.
          The trial court’s order found that, in the previous litigation whose outcome she
sought to attack by her bill of review, Kachar had “routinely received notice of all
hearings before this court” and that “she filed a motion for new trial and appealed the
judgment at issue.” Accordingly, the court concluded that “Kachar cannot claim that
she was denied notice of the proceedings that resulted in termination of her parental
rights.” Because Kachar received notice, and actually filed a direct appeal of the
judgment she sought to attack via her bill of review, she could not, as a matter of law,
establish the second element of a bill of review proceeding—extrinsic fraud that
denied her the opportunity to fully litigate at trial all the rights or defenses that could
have been asserted. King Ranch, Inc., 118 S.W.3d at 751. Nor, based on these facts,
could she have established the third element necessary for a bill of review—that her
failure to raise a meritorious defense in the initial litigation was “unmixed with any
fault or negligence” on her part. Id. Accordingly, the trial court’s finding that there
was not a reasonable probability that Kachar would succeed on the merits of her bill
of review action was not an abuse of discretion. 
Did the trial court abuse its discretion in finding that Kachar was
attempting to relitigate an issue which had been finally determined
against her in prior litigation?
 
          Kachar’s live bill of review petition is admittedly somewhat difficult to
decipher. A review of that pleading, however, makes it clear that the main thrust of
her complaint is that the trial court erred by terminating her parental rights, by
allowing DFPS sole managing conservatorship of N., by allowing DFPS to place N.
with a person Kachar alleges is unsuitable, and by finding that Kachar failed to
adequately support N. A review of the court’s judgment nunc pro tunc, which Kachar
sought to attack by her bill of review, shows that the court’s judgment in that case
related to the same issues—termination of Kachar’s parental rights to N., custody of
N., and child support. In addition, the record reveals that, after the judgment nunc pro
tunc was entered in the underlying litigation on February 27, 2007, Kachar filed
motions to recuse the trial judge as well as various motions for contempt and sanctions
against court personnel, the Attorney General’s Office and personnel from the Harris
County Attorney’s Office, all alleging that her parental rights had been improperly
terminated and that she had been improperly denied custody of N. Based on this
record, we cannot say that the trial court abused its discretion in finding that Kachar
continued to relitigate issues that had been determined against her. 
          Kachar’s remaining issues
          To the extent that Kachar is attempting to raise any other issues regarding
whether other parties violated a mutual permanent injunction and court orders, and
whether a recusal was proper, we conclude that these issues are inadequately briefed,
and are therefore waived. See Tex R. App. P. 38.1(h) (requiring appellate briefs to
“contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record”).


 Issues on appeal are waived if an
appellant fails to support their contentions by citations to appropriate authority. 
Abdelnour v. Mid Nat’l Holdings, Inc., 190 S.W.3d 237, 241 (Tex. App.—Houston
[1st Dist.] 2006, no pet.).
 Conclusion
            The record reveals that the trial court did not abuse its discretion in determining
Kachar to be a vexatious litigant pursuant to Texas Civil Practice and Remedies Code
section 11.054. Accordingly, we affirm the order of the trial court.
                                                                         
                                                             
 
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Jennings, Hanks, and Bland.