COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





CONNELL SPAIN,

                            Appellant,

v.
 
SURGEON CHARLES THOMAS
BLACK, M.D., PEDIATRIC SURGICAL
ASSOCIATES OF FORT WORTH,
BAYLOR ALL SAINTS MEDICAL
CENTER, TARRANT COUNTY
COMMISSIONERS, TARRANT
COUNTY, TEXAS, DALLAS COUNTY
COMMISSIONERS, ON BEHALF OF
DALLAS COUNTY, AND DALLAS
COUNTY, TEXAS,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
§

§

§

§ 





No. 08-09-00036-CV

Appeal from the

191st District Court

of Dallas County, Texas 

(TC# DC-08-12732-J) 




O P I N I O N
            Connell Spain, pro se, appeals from an order dismissing his suit against Appellees. For the
following reasons, we affirm. 
FACTUAL SUMMARY
            Spain, individually and as next friend of his daughter, Brandi Lashaun Spain, filed suit
against Appellees raising numerous claims related to the health care provided to his daughter. Spain
attached as an exhibit to his petition a copy of an order signed by the 236th District Court of Tarrant
County on November 6, 2002. That order recited that Spain had been determined to be a vexatious
litigant by the 236th District Court on November 1, 2001. It required Spain to attach to any petition
“filed in any Texas district, county, justice, or small claims court an affidavit stating the evidence
he is ready and able to present supporting his claim and identifying the name and address of every
witness he intends to call and the substance of the witness’s testimony.” Although Spain attached
the order to his petition, he did not attach the affidavit required by the order. Spain also attached to
his petition a copy of an order entered on December 30, 1994, by the Honorable Terry R. Means,
United States District Judge, which required Spain to obtain leave of court before filing any
pleading, motion, or other document in the United States District Court for the Northern District of
Texas.


 The District Clerk later notified the trial court in writing that Spain is a vexatious litigant
under Chapter 11 of the Texas Civil Practice and Remedies Code


 and he had not obtained
permission to file suit. The District Clerk attached to the notice an order entered by the 236th
District Court of Tarrant County on November 1, 2001 granting a motion filed by Waste
Management of Texas Incorporated to declare Spain a vexatious litigant;


 and (2) the November 6,
2002 order entered in the same case granting Waste Management’s motion for sanctions and
injunctive relief. Spain filed a motion to strike the District Clerk’s notice.
            At the hearing on the motion to strike, Spain asserted that he had not been declared a
vexatious litigant and he had not been ordered by a court to obtain permission to file suit. Counsel
for the District Clerk introduced into evidence: (1) a motion filed by Waste Management in the
Spain v. Waste Management suit asking that the 236th District Court enter an order declaring Spain
to be a vexatious litigant; (2) the November 1, 2001 order entered by the 236th District Court which
granted Waste Management’s motion to declare Spain a vexatious litigant and required Spain to post
security for costs; and (3) the November 6, 2002 order. The trial court denied Spain’s motion to
strike and dismissed his suit with prejudice because he had failed to comply with the requirements
of the November 6, 2002 order and he had failed to seek permission before filing suit. This appeal
follows.
VEXATIOUS LITIGANT
            In his sole issue, Spain argues that the order entered by the 236th District Court on November
6, 2002 is unconstitutionally invalid because it modified or altered an injunction entered by the
federal district court, it is not derived from a constitutionally credible or competent source, and it is
not entitled to full faith and credit. Spain admits in his brief that he unsuccessfully appealed the
November 6, 2002 order. Baylor All Saints Medical Center initially responds that Spain waived this
argument by not presenting it in the trial court. Alternatively, it contends that Spain’s argument is
an impermissible collateral attack on the November 6, 2002 order. 
Waiver and Impermissible Collateral Attack
            Spain attempts to avoid application of the November 6, 2002 order’s pre-filing requirements
by arguing for the first time on appeal that the order is invalid for a number of reasons. Spain did
not raise these issues in his motion to strike or at the hearing on his motion. Instead, Spain argued
in the trial court that no order existed declaring him a vexatious litigant and the defendants had failed
to produce such an order. 
            The issue presented on appeal is an impermissible collateral attack on a final judgment. 
Collateral attacks on final judgments are generally disallowed because it is the policy of the law to
give finality to the judgments of the courts. Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005);
Tice v. City of Pasadena, 767 S.W.2d 700, 703 (Tex. 1989). Chapter 11 of the Civil Practice and
Remedies Code (the vexatious litigant statute) does not authorize a collateral attack on an order
declaring a person to be a vexatious litigant. Further, Spain has cited no authority which would
permit him to collaterally attack the November 6, 2002 order entered by the 236th District Court and
we are aware of none.
            Even if Spain could collaterally attack the November 6, 2002 order, he failed to preserve the
issue for appellate review by objecting on these grounds in the trial court. As a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint was made to
the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the trial court aware
of the complaint. Tex.R.App.P. 33.1(a)(1)(A). Further, if the argument raised on appeal does not
comport with the objection made in the trial court, nothing is presented for our review. 
Tex.R.App.P. 33.1(a)(1)(A); Cunningham v. Hughes & Luce, L.L.P., 312 S.W.3d 62 (Tex.App.--El
Paso 2010, no pet.). Because Spain did not raise these challenges to the November 6, 2002 order
in the trial court, he has failed to preserve the issue for our review. It is unnecessary to address the
remaining issues raised by the Appellees. Accordingly, we overrule the sole issue presented on
appeal and affirm the judgment of the trial court. 

August 31, 2010                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.