# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00310-CV

**Linda M. Fischer, Appellant**

**v.**

**Joel H. Klein; Joel H. Klein & Associates; Wyatt Wright; Wayne Wright LLP; Billy Wells, and Chicago Title Insurance Co., Appellees**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 433RD JUDICIAL DISTRICT NO. C2007-1124D, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Linda Fischer appeals the trial court's determination that it lacked subject-matter jurisdiction to hear her claims against appellees Joel H. Klein, Joel H. Klein & Associates, Wyatt Wright, Wayne Wright LLP, Billy Wells, and Chicago Title Insurance Company. For the following reasons, we affirm.[1]

## BACKGROUND

Appellee Billy Wells, represented by appellee attorney Wyatt Wright, prevailed in a breach-of-contract action in Bexar County and obtained a monetary judgment against

---

[1] The parties are familiar with the facts, procedural history, and applicable standards of review. Accordingly, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.4.

Edward Fischer, Jr., who is appellant Linda Fischer's husband.[2] *See Fischer v. Wells*, No. 04-06-00131-CV, 2007 Tex. App. LEXIS 645, at *4 (Tex. App.—San Antonio Jan. 31, 2007, no pet.) (mem. op.). Linda did not file a plea in intervention in the Bexar County suit. *See* Tex. R. Civ. P. 60.

After the Fourth Court of Appeals affirmed the judgment against Edward, the Fischers listed property, a vacant lot located in Comal County, for sale. The Fischers jointly owned the property as well as an adjacent lot, and their home was on the adjacent lot. Among Wells's enforcement efforts in the Bexar County suit, he filed a motion seeking a turnover order and the appointment of a receiver to take possession of Edward's nonexempt interest in any proceeds from the sale of the property. *See* Tex. Civ. Prac. & Rem. Code § 31.002 (addressing collection of judgment through court proceedings). The Bexar County trial court granted Wells's motion and entered an order appointing appellee Joel H. Klein as the receiver.

On April 17, 2007, the Fischers attended the closing on the sale of the property. The HUD-1 settlement statement, which the Fischers signed, reflected that a portion of the sale proceeds were allocated to satisfy the Wells judgment. In the addendum to the HUD-1 settlement statement, the Fischers authorized the closing or escrow agent "to make expenditures and disbursements as shown above" and "approve[d] same for payment." The Fischers also signed an affidavit as to debts and liens, which listed the payoff amount to satisfy the Wells judgment with the description "AJ payoff to Billy Wells."

---

[2] Because appellant and her husband share the same last name, we refer to them by their given names.

The following day, Wells, Edward, and Klein filed an agreed motion to close the receivership and disburse funds in the Bexar County suit. *See Fischer v. Wells*, No. 04-07-00328-CV, 2008 Tex. App. LEXIS 4934, at *6 (Tex. App.—San Antonio July 2, 2008, no pet.) (mem. op.). The motion notified the trial court that the property had been sold and requested that the court order the title company to "'disburse [the] funds as requested'" and close the receivership. *Id.* The trial court granted the motion and signed an "Agreed Order to Close Receivership and Disburse Funds," which was signed by Wright, Klein, and Edward's attorney. In the agreed order, the trial court ordered the receivership closed and the sale proceeds disbursed to specified payees as requested by the parties, which included the disbursement to Wright, as the attorney for Wells, for the amount of the Wells judgment balance. Chicago Title disbursed the sale proceeds in accordance with the order.

Linda and Edward filed a motion for new trial in the Bexar County suit, which was overruled by operation of law, and then appealed the agreed order to the Fourth Court of Appeals. *See id.* at *1–6. Issues in the suit and raised on appeal included whether the property was subject to a homestead exemption. *See id*. at *9. The Fourth Court of Appeals affirmed the agreed order as to Edward because he had agreed to it, *id.* at *7–10, and held that Linda lacked standing to appeal because she "was not a party to the underlying proceeding," *id.* at *7.

While that second appeal in the Fourth Court of Appeals was pending, Linda and Edward filed this suit in Comal County. Edward later nonsuited his claims, but Linda continued the

3

suit against appellees.[3] She alleged that appellees improperly obtained the "agreed" disbursement order from the trial court. According to Linda, the sale proceeds should have been deposited in the Bexar County court's registry and, because of appellees' misconduct, her homestead interest in the sale proceeds was "wrongfully seize[d]." She sought to recover as actual damages the amount of the sale proceeds that was disbursed to Wright. Appellees, except Chicago Title, filed pleas to the jurisdiction, asserting that Linda's suit was an impermissible collateral attack on the Bexar County agreed order. The district court granted the pleas and dismissed all claims against all appellees.[4] This appeal followed.

## DISCUSSION

Linda asserts, in a single issue, that the trial court "erred in dismissing all [her] claims against all Defendants for want of jurisdiction." Linda asserts that her claims are not an impermissible collateral attack and that she is not foreclosed from bringing her claims seeking damages in Comal County because she seeks relief from non-parties to the Bexar County suit and because appellees committed extrinsic fraud by assuring her that her interest in the property would not be affected in the Bexar County suit. According to Linda, with the exception of the "agreed" disbursement order, the Bexar County orders specified that only Edward's interests would be used to satisfy the Wells judgment.

---

[3] Linda's claims include abuse of process, receiving receivership property, conversion, breach of fiduciary duty, theft under the Texas Theft Liability Act, negligent misrepresentation, and fraud in a real estate transaction.

[4] Although Chicago Title did not file a plea to the jurisdiction, a court may consider its jurisdiction on its own initiative. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Texas Worker's Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 517 n.15 (Tex. 1995).

4

To support her arguments, Linda focuses on alleged inconsistent positions by Wells and Wright in the Bexar County suit, which she contends denied her a "day in court" and "the due process protections and right to be free of unlawful seizures afforded by" the Family Code and the Texas and United States Constitutions. *See* Tex. Fam. Code § 3.203 (addressing orders in which marital property is subject to execution).[5] Linda further argues that as "a nonparty and a stranger to the [Bexar County] suit," she was entitled to seek relief in Comal County, "no matter how inconsistent" it might be with the Bexar County agreed order. She urges that had appellees wanted her to be bound by the agreed order, they were required to join her as a party.

"Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts." *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). "A collateral attack is an attempt to avoid the binding force of a judgment in a proceeding not instituted for the purpose of correcting, modifying, or vacating the judgment, but in order to obtain some specific relief which the judgment currently stands as a bar against." *Id.* at 346. "Only a void judgment may be collaterally attacked." *Id.*[6]

---

[5] Due Process guarantees generally provide protection only against state action. *See Tulsa Prof. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 485 (1988); *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974).

[6] To directly attack a voidable order that is no longer appealable, a person with an interest prejudiced by the order may bring a bill of review in the court rendering the order. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003) (describing bill of review proceedings); *In re General Motors Corp.*, 296 S.W.3d 813, 821 (Tex. App.—Austin 2009, orig. proceeding) (noting that voidable order is not subject to collateral attack but may be corrected through bill of review); *Tarrant Restoration v. Texas Arlington Oaks Apts., Ltd.*, 225 S.W.3d 721, 725 n.1 (Tex. App.—Dallas 2007, pet. dismissed w.o.j.) ("To have standing, the party bringing the bill of review must have been a party to the underlying judgment or have had a then-existing right or interest prejudiced by the judgment.").

"[A] suit based on fraud 'extrinsic' to a judgment is not considered a collateral attack against the prior judgment." *Cocke v. Elliott*, No. 03-12-00667-CV, 2013 Tex. App. LEXIS 10736, at \*13 (Tex. App.—Austin Aug. 27, 2013, pet. denied) (mem. op.) (citing *Prostok*, 165 S.W.3d at 347); *see Henderson v. Chambers*, 208 S.W.3d 546, 550–52 (Tex. App.—Austin 2006, no pet.) (discussing *Prostok* and examining fraud allegations to determine whether intrinsic or extrinsic). "Extrinsic fraud is fraud that denies a losing party the opportunity to fully litigate at trial all the rights or defenses that could have been asserted." *Elliott*, 2013 Tex. App. LEXIS 10736, at \*13 (citing *Prostok*, 165 S.W.3d at 347); *see King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 752 (Tex. 2003) (discussing extrinsic and intrinsic fraud in context of bill of review proceeding); *Tice v. City of Pasadena*, 767 S.W.2d 700, 702 (Tex. 1989) (same).

Extrinsic fraud "generally includes wrongful conduct occurring outside of the adversarial proceedings and must be collateral to the matter tried and not something that was actually or potentially in issue." *Elliott*, 2013 Tex. App. LEXIS 10736, at \*13 (citing *Prostok*, 165 S.W.3d at 347). "It is the converse of intrinsic fraud, which 'relates to the merits of the issues [that] were presented and presumably were or should have been settled in the former action.'" *Id.* at \*13–14 (citing *Prostok*, 165 S.W.3d at 347–48 (quoting *Tice*, 767 S.W.2d at 702)). "Intrinsic fraud includes fraudulent instruments, perjured testimony, or any matter which was actually presented to and considered by the trial court in rendering judgment." *Id.* (citing *Prostok*, 165 S.W.3d at 348). A party may not attack a final judgment, otherwise constituting a collateral attack, on grounds that the judgment was obtained through fraudulent conduct intrinsic to the judgment. *See id.* In other words,

6

a court lacks jurisdiction to consider a collateral attack on a final judgment that is based on intrinsic fraud. *Id*.; *see also Prostok*, 165 S.W.3d at 345–46.

"The essential point in the analysis is if the conduct at issue in the current suit was at issue or could have been at issue in the previous suit, the claims are intrinsic to the prior judgment." *Elliott*, 2013 Tex. App. LEXIS 10736, at *14 (quoting *Henderson*, 208 S.W.3d at 552). "Consequently, '[a]ny attempt to relitigate the claims in a new lawsuit, even if based on new information, constitutes a collateral attack on the prior judgment.'" *Id*. "Similarly, 'the question of whether allegations of fraud are intrinsic or extrinsic to a prior judgment does not hinge exclusively on who the parties were to the prior judgment,' but instead 'is a question of whether the conduct being complained of was known or could have been known, or was at issue or potentially at issue in the prior lawsuit.'" *Id*. (quoting *Henderson*, 208 S.W.3d at 553 (citing *Prostok*, 165 S.W.3d at 347–48)). "In these respects, the distinction tracks the 'transactional approach' to claim preclusion that has been adopted by the Texas Supreme Court." *Id*.; *see also Barr v. Resolution Trust Corp*., 837 S.W.2d 627, 630 (Tex. 1992) ("A subsequent suit will be barred if it arises out of the same subject matter of a previous suit and which through the exercise of due diligence, could have been litigated in a prior suit.").

Appellees argue that Linda's suit is an impermissible collateral attack on the agreed order from the Bexar County suit because she seeks to avoid the binding effect of that order based on allegations of intrinsic, not extrinsic, fraud.[7] We agree. The essence of Linda's claims is alleged

---

[7] In addition to urging that Linda's suit seeks to avoid the binding effect of the Bexar County agreed order based on allegations of intrinsic, not extrinsic, fraud, appellees argue that she was in privity or virtually represented by Edward in the Bexar County suit and therefore bound by the order.

misconduct in the Bexar County suit, primarily misrepresentations to her and to the trial court, resulting in the trial court entering the "agreed" final disbursement order that ordered the disbursement of the Wells judgment amount directly to Wright, and not to the court's registry.[8]  In her pleadings, Linda seeks to recover as actual damages the portion of the sale proceeds that Chicago Title disbursed to Wright, and her claims challenge this disbursement, a matter that was actually presented to and considered by the Bexar County court in rendering the agreed order.  *See Prostok*, 165 S.W.3d at 348.  Thus, her claims necessarily challenge the integrity of the Bexar County agreed order and attempt to avoid its force.  *See id.* at 346–49 (concluding that challenge to integrity of judgment to obtain monetary damages constituted impermissible collateral attack).

Further, Linda was aware and participated in the Bexar County suit, and the property's status as a homestead was addressed in that suit.  *See Fischer*, 2008 Tex. App. LEXIS 4934, at *1–6.  Although Linda did not seek to intervene, she could have, and the Fischers filed a motion for new trial from the agreed order and appealed the order to the Fourth Court of Appeals. *See id.*; *Lerma v. Forbes*, 166 S.W.3d 889, 893 (Tex. App.—El Paso 2005, pet. denied) (concluding that trial court did not abuse discretion by allowing party to intervene post-judgment to protect interests); *Breazeale v. Casteel*, 4 S.W.3d 434, 436 (Tex. App.—Austin 1999, pet. denied) ("We can see no reason to prohibit post-judgment intervention where, as here, the

---

We limit our analysis to whether Linda's claims against appellees constitute extrinsic or intrinsic fraud because our conclusion on that ground is dispositive.  *See* Tex. R. App. P. 47.1.

[8]  For example, in her amended reply brief, Linda claims that "the intent to misuse the 'agreed order' to dispose of [her] interest without the due process and partition suit Wells and Wright promised to the trial court was *misrepresented to the trial court*.  And, the misuse of the entire process was *concealed from* the trial court."

intervenor merely seeks to protect his interest in property that is the subject of a turnover motion."); *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162, 167–68 (Tex. Civ. App.—Austin 1975, writ ref'd n.r.e.) (determining that non-party "was not a stranger to consent judgment" and prohibiting collateral attack). The agreed order also ordered the disbursement of the sale proceeds in accordance with the Fischers' written and sworn authorizations at the closing on the property, including their authorization to disburse the judgment amount to Wright.

Considering Linda's pleadings and the evidence relevant to the jurisdictional issue, we conclude that Linda was not a stranger to the agreed order and that her claims are of intrinsic fraud and impermissible collateral attacks on that order. *See Prostok*, 165 S.W.3d at 348; *Rogers*, 530 S.W.2d at 167–68; *see also Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). Thus, the trial court correctly concluded that it did not have jurisdiction to consider Linda's claims.

## CONCLUSION

For these reasons, we overrule Linda's issue and affirm the trial court's order granting the pleas to the jurisdiction and dismissing Linda's claims for want of jurisdiction.[9]

---

[9] Wells, Wright, and Wright's firm request that this Court impose sanctions against Linda and her attorney. We decline to exercise our discretion to do so. *See* Tex. R. App. P. 45 (allowing damages for frivolous appeals in civil cases).

_____

                                    Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Goodwin and Field

Affirmed

Filed:   October 23, 2014